New York Life Insurance Company, Plaintiff, vs. The State, Defendant.

*November 13, 1926—March 9, 1927.*

*Insurance: Regulation of foreign corporations: Fees required under retaliatory statutes: Excess fees paid: Based on amount imposed by home state: Unlawful charges of taxing. authorities of home state: When cause of action accrues: Statute of limitations on behalf of state: Constitutional law.*

1. The state may refuse to permit foreign insurance companies to transact business in this state or may impose such restrictions or conditions as it sees fit, including the payment of a license fee, which may be a fixed amount, or may be based on a percentage of premiums received, or it may be fixed under retaliatory statutes of other states. p. 407.

2. Sec. 1211—36, Stats. 1919, requiring a foreign insurance company to pay the same license fee as is fixed for Wisconsin companies by the state or foreign country under the laws of which such company is organized, by its express terms makes the measure of the license fee the requirements of the tax department of such foreign country or other state, so that the payment of a license larger than the law of the foreign state in fact required is no ground for a recovery where such amount was required by the tax department of such state. p. 409.

3. What is the law of a foreign jurisdiction is always a question of fact. p. 410.

4. When plaintiff paid a fee in excess of the amount which the laws of New York in fact exacted from Wisconsin insurance ·companies a cause of action accrued, although at the time the courts of New York had not construed the statute as they did subsequently, to the effect that the taxing authorities were charging an unlawful rate. p. 410.

5. The state is entitled to the full benefit of the six-year statute of limitations the same as any other defendant. p. 411.

6. Sec. 2 of art. VIII of the state constitution, providing that the legislature shall make no appropriation to pay a claim against the state unless filed within six years after the accrual of the claim, does not affect the running of the statute of limitations on behalf of the state. p. 411.

7. Under sec. 51.33, Stats. 1917, the payment of a fee equal to that imposed by the tax department of a foreign country or other state is not a deprivation of property without due process of

law, though the home state tax department was requiring an illegal amount. p. 411.

8. Sec. 9, art. I, Const., guaranteeing to every person a certain remedy in the laws, does not mean a remedy accompanied by a certainty of recovery, but merely guarantees to a suitor his day in a court of competent jurisdiction. p. 412.

ESCHWEILER, J., dissents in part.

THIS IS AN ORIGINAL ACTION against the State brought by the *New York Life Insurance Company* to recover a portion of the license fees paid by it as a foreign corporation in order to secure a license to do business in Wisconsin. Plaintiff made a motion for judgment on the pleadings and on an agreed state of facts. *Motion denied.*

The statutes of Wisconsin require foreign insurance companies to pay a fixed fee and to secure a license as a condition of being permitted to do business in Wisconsin. The statutes also contain a retaliatory provision which appeared in the statutes of Wisconsin in the years here in question in the following forms:

"Whenever the laws of any other state of the United States shall require of life, fire, accident or inland navigation insurance companies organized under the laws of this state and doing business in such other state any deposit of securities for the protection of their policy-holders or otherwise, or any payment of taxes, fines, penalties, certificates of authority, license fees or otherwise, greater than the amount required by the laws of this state for the same purposes from similar companies organized under the law of such other state and doing business in this state, then all such companies of such other states doing business within this state shall make the same deposit with the state treasurer and shall pay him the same sum for taxes, fines, penalties, certificates of authority, license fee or otherwise as a condition to the issue of a license to them as is required to be paid by the laws of such other state." Sec. 51.33, Statutes of 1917.

"Whenever the laws of any other state of the United States or of any foreign country, or the rules, regulations, requirements or impositions thereof, or of any department

or officer thereof, shall require of insurance companies or fraternal benefit societies organized under the laws of this state and doing business in such state or foreign country or of their agents, any deposit of securities for the protection of their policy-holders or otherwise, or any payment of taxes, fines, penalties, certificates of authority, license fees or otherwise, greater than the amount required by the laws of this state for the same purposes from similar companies or fraternal societies organized under the laws of such other state or foreign country and doing business in this state, or shall impose other obligations, prohibitions or restrictions additional to or in excess of those imposed by the laws of this state upon insurance companies or fraternal benefit societies of such other state or foreign country or their agents, then all such companies or fraternal benefit societies of such other states or foreign country doing business within this state shall make the same deposit with the state treasurer and shall pay him the same sum for taxes, fines, penalties, certificates of authority, license fees or otherwise, and the same obligations, prohibitions or restrictions of whatever kind shall be imposed upon them and their agents as a condition to the issuance of a license to them, as is required to be made or paid or is imposed upon companies or societies of this state or their agents by the laws of such other state or foreign country, or the rules, regulations, requirements or impositions thereof, or of any department or officer thereof." Sec. 1211—36, Statutes of 1919.

The plaintiff was organized under the laws of the state of New York. Under the laws of New York during the years 1917 to 1920, inclusive, the State Tax Department of that state held that the Northwestern Mutual Life Insurance Company, organized under the laws of the state of Wisconsin, must pay a license fee equal to one per cent. of the gross amount of its premiums on business done in New York during the year preceding that in which the license was issued. The insurance commissioner of Wisconsin in fixing the amount of the license fee to be paid by the plaintiff in this state for each of the years 1917 to 1920, inclusive, followed the rule of the New York State Tax Department in

New York Life Ins. Co. v. State, 192 Wis. 404.

computing the license fee as one per cent. of the gross amount of premiums on business done by the plaintiff in Wisconsin during the preceding year, without allowing deductions claimed by the plaintiff for premiums refunded on Wisconsin policies.

After all the payments here in question had been made to the state of Wisconsin, the courts of New York held that the rulings of the State Tax Department of New York were erroneous and that the law of New York required that the premiums returned should have been deducted before computing the license fee upon the gross amount of premiums received during the preceding year.

Plaintiff alleges that it paid under protest all amounts which it now seeks to recover. It presented its claims to the legislature, which refused to allow the same. This action was then begun pursuant to the provisions of ch. 285 of the Statutes. Issue was joined. The parties agreed on a statement of facts. Plaintiff then moved for judgment on the pleadings and upon such agreed state of facts.

For the plaintiff there was a brief by *Miller, Mack & Fairchild* of Milwaukee, attorneys, and *Louis H. Cooke* of New York City, of counsel, and a reply brief by *Miller, Mack & Fairchild,* and oral argument by *J. G. Hardgrove* of Milwaukee.

For the defendant there was a brief by the *Attorney General* and *T. L. McIntosh,* assistant attorney general, and oral argument by *Mr. McIntosh.*

The following opinion was filed December 7, 1926:

STEVENS, J. It is elementary that Wisconsin has the right to determine the conditions under which it will permit foreign insurance companies to do business in this state. The state may refuse to permit them to transact business within its boundaries or it may impose such restrictions or conditions as it sees fit as a prerequisite to permitting them

to do business in this state. ·Among the conditions that may be required is the payment of a license fee. Such license fee may be a fixed and determined amount or it may be based upon a percentage of premiums received, or it may be fixed under retaliatory statutes like those here in question with reference to the fee exacted of Wisconsin corporations by other states. Wisconsin could have fixed the fees to be paid by plaintiff at the exact amount collected from the plaintiff in each of the years here in question and plaintiff would have had no right to recover any part of the fees so paid if it had been a fixed and determined fee whose amount was not made dependent upon the fee exacted in the state of New York. Does the fact that the fee is made dependent on the fee collected in New York change the rule?

The question presented is one of statutory construction, in which the court must be guided by the intent of the legislature as expressed in the retaliatory statutes quoted in the statement of facts. The specific question presented is whether these statutes evidence an intent to measure the license fee to be paid in Wisconsin by the fee collected of Wisconsin companies in New York at the time the license is issued, or whether it was the intent of the legislature that the amount of the license fee to be paid should be subject to revision and refund to the company, or further payment by the company, in case it was subsequently determined that those who acted for the state of New York in licensing Wisconsin companies to do business in that state had not·correctly construed the statute of New York in determining the amount of the license fee. In considering this question we must keep in mind that the only purpose of these statutes is to fix a method of measuring the license fee which a foreign corporation must pay as a condition of being permitted to exercise a privilege·which it has no right to exercise except upon such conditions as the state may see fit to impose.

Turning to sec. 1211—36 of.the Statutes of 1919, which was in force when the license fee for all but the first two

years here in question was paid, we find a clear expression of the legislative intent that the amount of the license fee to be collected in Wisconsin shall be determined by the "requirements or impositions" of the State Tax Department of New York. The phraseology of this section makes this legislative intent as clear as language can make it. The amount of the license fee is determined not alone by the amount imposed on Wisconsin companies by "the laws of any other state," but by "the rules, regulations, requirements or impositions thereof, or of any department or officer thereof," as well. So that regardless of what may have been the law of New York when these license fees were paid, this statute required the license fee payable in Wisconsin to be computed in the same manner in which it was required to be computed under the requirements of the State Tax Department of New York. To hold otherwise would be to render nugatory and of no force and effect the amendment of this statute made in 1919 which expressly made "the rules, regulations, requirements or impositions . . . of any department or officer" of such other state the measure of the license fee to be paid in Wisconsin.

It is not necessary to a decision of this case that the court should determine the effect to be given to the rules and requirements of the New York State Tax Department prior to the amendment of 1919, which expressly makes these rules and requirements the basis of the computation of the license fee in Wisconsin. The license fees paid under the Statutes of 1917 were paid more than six years prior to the commencement of this action. Sec. 76.37 of the Statutes gave the plaintiff an optional remedy that was barred after the expiration of six months. But that statute expressly reserves to the plaintiff the right to pursue its remedy under ch. 285 of the Statutes, as it has done in this case.

The question whether this cause of action was barred by the six-year statute of limitations is determined by the time when the cause of action accrued. If it accrued when the

license fee was paid, the plaintiff's right to maintain the action to recover any part of the license fees paid under the statute of 1917 was barred by the six-year statute of limitations when this action was commenced.

The question of what is the law of a foreign jurisdiction is always a question of fact which can be determined at any time. Plaintiff bases its cause of action on the proposition that the fact that administrative bodies may misinterpret the law or give it a wrong construction does not in fact change the law; that the statute as finally interpreted by the courts is the law as it has existed since it was first enacted by the legislature. When plaintiff paid a fee in excess of that which was required by the laws of New York, plaintiff's cause of action accrued and it could successfully maintain its action. The cases do not hold that the statute of limitations does not begin to run until the plaintiff can maintain an action successfully, in the sense that plaintiff can be assured of recovery at the end of the lawsuit. If that were the rule the statute of limitations would never run in those cases where a plaintiff could not recover judgment. Manifestly the rule upon which the plaintiff relies does not lead to any such absurd result. All that is required in order to set the statute to running is that there be a right of action upon which the plaintiff can successfully invoke a judicial remedy in order to vindicate that right. The test is whether the plaintiff can successfully maintain the action, not whether plaintiff can maintain the action successfully.

A cause of action accrued at the moment when plaintiff had the legal right to sue upon it. The moment the state of Wisconsin exacted an excessive fee for a license to do business in this state, a cause of action to recover such excessive payment arose, if the payment was made under such circumstances as to preserve the right of the plaintiff to present its claim. To hold otherwise would make the running of the statute a matter which was entirely within the control of the plaintiff in this case. Under the contention of the plaint-

iff that the statute did not begin to run until the courts of New York had finally construed the statutes of that state, the period when the statute began to run would have been dependent entirely on the time when plaintiff saw fit to begin its action to construe the New York statute and also upon the vigor with which it saw fit to press that action to judgment. If any portion of plaintiff's claim is barred by the statute of limitations, it is because plaintiff slept upon its rights. The courts were always open to it. It did not see fit to secure a judicial construction of the law of New York until more than six years after it has paid these license fees under the Statutes of 1917 for the two years here in question.

This court has held in an action which invoked the original jurisdiction of this court on a claim against the state that the state is entitled to the full benefit of the six-year statute of limitations, the same as any other defendant. *Carpenter v. State,* 41 Wis. 36, 41, 42. The rule in that case has never been questioned in Wisconsin. The amendment of sec. 2, art. VIII, of the constitution of Wisconsin does not change the rule in that case. This amendment provided that no appropriation shall be made by the legislature to pay any claim against the state "unless filed within six years after the claim accrued." This amendment was a limitation upon the power of the legislature to allow claims that accrued more than six years before the claim was filed with the legislature. This amendment in no way affects the running of the statute of limitations as a bar to a cause of action in the courts of this state. If a plaintiff resorts to an action in this court after presenting his claim to the legislature, he must begin his action within six years after the claim accrued or it is barred by the statute of limitations.

The conclusion that plaintiff is not entitled to recover in this action does not deprive plaintiff of any right guaranteed to it by either the state or the federal constitution. Its property was not taken without due process of law, but

in accordance with the provisions of law as then construed. The courts both of New York and of Wisconsin were at all times open to plaintiff for the purpose of testing the construction given the law by the officers charged with its administration. If plaintiff slept upon its rights so long that its claim is barred by the statute of limitations, that does not render unconstitutional the law under which these administrative officers acted. The guaranty of sec. 9, art. I, of the state constitution that "Every person is entitled to a certain remedy in the laws" does not mean a remedy that must be accompanied by a certainty of recovery. If it did, the losing party of every lawsuit would be denied rights guaranteed to him by this section of the constitution. This provision does no more than to guarantee to every suitor his day in a court of competent jurisdiction to which he may present his claim for judicial relief and in which he may either win a victory or suffer a defeat according to the strength or weakness of the case which he presents.

*By the Court.*—The motion of the plaintiff for judgment is denied without costs. The plaintiff to pay the fees of the clerk of this court.

The following opinion was filed March 29, 1927:

Eschweiler, J. (*dissenting*). I cannot agree with so much of the decision as in effect holds that when the measure of a license fee is fixed by our legislature for foreign insurance companies doing business here to be that which is required to be paid in the state of New York by foreign insurance corporations doing business there, it can be other than such amount as is lawfully to be there collected or that it may be an amount that is arbitrarily being insisted upon by some administrative body there.

A motion for a rehearing was denied, with $25 costs, on March 9, 1927.