KANSAS CITY LIFE INSURANCE COMPANY, Appellant, vs. THE STATE, Respondent.

*November 30—December 30, 1953.*

For the appellant there was a brief by *Toebaas, Hart, Kraege & Jackman* of Madison, and oral argument by *F. Halsey Kraege.*

For the respondent there was a brief by the *Attorney General* and *Harold H. Persons* and *E. Weston Wood,* assistant attorneys general, and oral argument by *Mr. Persons* and *Mr. Wood.*

BROADFOOT, J.   Both Missouri and Wisconsin have statutes that provide for a tax of two per cent on the premiums collected by either domestic or foreign life insurance companies, after deducting cash dividends and other items not here material.  The statutes are very much alike in their provisions, except that Missouri also taxes the premiums paid on annuities while Wisconsin does not, and the Missouri statute permits the deduction of examination fees paid under any law of that state.  Sec. 76.35 of the Wisconsin statutes is a retaliatory statute, providing that whenever the laws of any other state impose greater taxes, fines, penalties, license fees, or other payments upon life insurance companies organized in Wisconsin for a license to do business there than are imposed by the laws of Wisconsin upon foreign life insurance companies doing business in this state, then the same taxes, fines, penalties, license fees, and other payments imposed by the other state upon Wisconsin corporations shall be imposed by Wisconsin upon corporations of such other state doing business here.

Without considering the retaliatory statute, the parties agree that the computation of the two per cent tax on premiums collected by the plaintiff from Wisconsin residents in 1951 would be $12,790.69.  Because of the retaliatory statute and because Missouri also taxes Wisconsin life insurance companies doing business in that state upon premiums col-

lected on annuities, the Wisconsin department of insurance claimed the additional amount in question.

In the year 1951 the plaintiff was examined by the Missouri insurance department, in which the insurance departments of several other states participated. For this examination the plaintiff paid to the Missouri insurance department the sum of $10,611.18. Under the Missouri statutes it was permitted to deduct this examination fee from the two per cent premium tax in that state. It claims the right to make a deduction therefor from the premium tax due to Wisconsin. That would reduce the amount of the tax below the two per cent tax computed under the Wisconsin statute, which does not include a tax on annuity premiums, but because two per cent is a minimum tax the plaintiff tendered that amount. The dispute is over the deduction of the examination fee.

The plaintiff relies upon the case of *Occidental Life Ins. Co. v. Holmes,* 107 Mont. 48, 80 Pac. (2d) 383, 388, and cases cited therein. In that case the plaintiff was a California life insurance company which was licensed to do business in Montana. Montana's rate of taxation was two per cent on premiums collected by insurance companies without deduction for taxes paid on realty owned by a foreign corporation within Montana. Montana also had a retaliatory statute. In California the rate of taxation was two and six-tenths per cent on premiums with a deduction for taxes paid on realty owned by a foreign corporation in California. The plaintiff had paid taxes on real estate owned by it in Montana and sought a deduction therefor. The Montana court cited the decisions of certain other states in which the purpose of the statutes, such as our sec. 76.35, was construed to be reciprocal rather than retaliatory. In those states it is held that the purpose of such statutes is to secure equality of taxation and to secure for the insurance companies of the enacting state doing business in other states

equal treatment tax-wise with companies organized in those states without discrimination. The Montana court said (p. 60):

"It thus becomes obvious that Montana's rate of taxation remains fixed at two per cent on premiums collected in any contingency, while California's rate of two and six-tenths per cent for the same purpose is made flexible and adjustable to allow credit for the amount of taxes paid by the foreign corporation on real estate owned in that state. Its tax, therefore, on premiums collected is reduced by the amount of such real-estate taxes paid.

"It also appears clear that under any computation that can be made the net result shows that Montana has, in the case at bar, imposed a greater burden upon the California corporation than the California statutes would, in the absence of retaliatory statutes, impose upon a Montana corporation doing business in that state and from which a like amount of premiums were collected and a like amount of real-estate taxes were paid. Such being the case, section 6155, supra, does not come into play for the reason heretofore stated, and the taxes and fees as computed by the plaintiff, demonstration No. 1, shows the correct amount due, and the plaintiff is entitled to recover the amount paid under protest."

Under that doctrine the plaintiff contends that sec. 76.35 of the Wisconsin statutes does not apply because the proper comparison is between the ultimate or total tax exacted by the respective states. It next contends that if the statute is applicable, it only permits the exaction of a fee like that imposed by Missouri on Wisconsin companies under the same circumstances and since the fee computed under the law of Missouri would be less than that computed under the Wisconsin retaliatory statute, the normal two per cent minimum premium tax should apply.

In so far as there is a difference between a retaliatory and a reciprocal statute this court has determined in *New York Life Ins. Co. v. State,* 192 Wis. 404, 211 N. W. 288, 212 N. W. 801, that our statute is a retaliatory measure.

The trial court adopted the construction advanced by the defendant, and stated in its opinion:

". . . Missouri does not allow deduction for examination fees paid to Wisconsin.

"That would seem to dispose of the reciprocity feature of this case. If Missouri does not allow a Wisconsin corporation to deduct for examination fees paid to Wisconsin, then Wisconsin does not have to allow a Missouri corporation to deduct for examination fees paid to Missouri.

"We agree with the attorney general that *all* the facts must be reversed, not some of them, but all of them. . . .

"The attorney general's brief continues:

" 'The statute says simply that Wisconsin will treat a foreign corporation just as its state of domicile treats a Wisconsin corporation.

" 'The plaintiff's computation of the license fee under 76.35 would be sound if, and only if, the state of Missouri were to allow to a Wisconsin corporation doing business in Missouri a credit against the Missouri license fee for any examination fees *paid to the state of Wisconsin*. Needless to say, Missouri would allow no such credit to a Wisconsin corporation doing business in Missouri. Thus, in computing the license fee to be paid Wisconsin by the plaintiff a reversal of the circumstances would mean that it would be credited only with any examination fees it paid to Wisconsin. There were none.'

"We believe that this argument by the attorney general is sound. There is no Wisconsin decision on the exact point and the decisions from other states are not particularly helpful."

Another of the cases relied upon by the plaintiff is that of *Life & Casualty Ins. Co. v. Coleman,* 233 Ky. 350, 25 S. W. (2d) 748, 751. In that case it appeared that Tennessee taxed insurance companies two and one-half per cent upon the gross premiums. The Kentucky Revenue Act provided for a two per cent tax upon gross premiums collected in the state, but in Kentucky municipalities were permitted to impose taxes upon insurance companies for the privilege of doing business

within their corporate limits. The plaintiff in that case paid municipal taxes in addition to the Kentucky state tax, and claimed a deduction therefor, and the court there said (p. 356) :

"Our conclusion is that the provisions of the retaliatory tax statute were complied with when the Tennessee company paid an amount equal to the total tax payable by foreign companies on the same volume of business in Tennessee, and, in determining the amount to be paid, the Tennessee company must be given credit for municipal taxes paid in Kentucky."

In the cases relied upon by the plaintiff the foreign insurance companies had made payments in the taxing states for which the courts held the foreign company was entitled to a credit. No such situation is apparent here. Plaintiff has paid nothing to Wisconsin as an examination fee. By its demurrer the plaintiff admits the allegation in the answer that Missouri would not allow a Wisconsin company as a deduction from or credit on its license fee or tax any payment made by such company to a state other than Missouri for examination fees. It follows that plaintiff is not entitled to the deduction it claims.

*By the Court.*—Order affirmed.