ROBERT C. ZIMMERMAN, Secretary of State
You have requested my opinion as to whether, under sec. 180.87 (1) (i), Stats., previous fee payments made by a foreign corporation on its capital employed in Wisconsin may be credited to another foreign corporation, into which it has merged, upon the latter corporation filing application for authority to transact business in Wisconsin.
Your question is generated by the application of the Green Giant Company, a Delaware corporation, which was formed by the merger of Green Giant Company, a Minnesota corporation, into GG Co., a Delaware corporation, effective November 1, 1973, with the survivor Delaware corporation adopting the name "Green Giant Company." Prior to the merger, only Green Giant Company (Minnesota) was authorized to transact business in Wisconsin.
You have refused to qualify Green Giant Company (Delaware) to transact business in Wisconsin, since that corporation claims a $2,622 credit against the basic fee of $6,772, which apparently is mutually agreed is otherwise due under sec. 180.87 (1) (i), Stats. The $2,622 difference is due to the fact that Green Giant Company (Delaware) is claiming a credit for the amount previously paid in fees by Green Giant Company (Minnesota) prior to the Delaware corporation's application for authority to transact business in Wisconsin, filed on November 8, 1973. The credit claim is based principally on the corporation's interpretation of a previous opinion of this office reported in 57 OAG 185 (1968) *Page 536 
The law is human, but it tends to become dogmatic when written in statutory form. In this case, the latter is true; and as the general counsel for the State of Wisconsin, I am limited to reading the law as written. The irony of the result, however, is that the legislature and many citizens spend large sums of money to attract outside industry to the Badger state. As a citizen, it is my duty to support that program which verifies that "We Like It Here." I cannot transpose the result of legislation to the common consensus as this is a duty of the legislature. Therefore, with reluctance, as a citizen concerned with the growth of the state but with the conviction that the law must remain pure, I render the following opinion.
Section 180.87 (1) (i), Stats., which sets forth the fees to be paid by a foreign corporation in filing its original application for authority to transact business in Wisconsin, reads as follows:
 "180.87 Fees for filing documents. (1) The secretary of state shall charge and collect for:
* * *
 "(i) Filing an application of a foreign corporation for certificate of authority to transact business in this state, $50, and $1 for every $1,000 of its capital exceeding $50,000 employed or to be employed in this state, computed as provided in s. 180.813, as shown by such application."
This provision reads exactly as it did when first enacted as part of the 1951 recodification of Wisconsin business corporation law, ch. 731, Laws of 1951, except that initially the statute read "$25" instead of "$50" and "$25,000" instead of "$50,000." The revision committee notes accompanying the 1951 law provided in part as follows:
 "(1) (i) is similar to 226.02 (4) (1949). The fees to be paid by foreign corporations are determined by reference to 180.813 which section retains and clarifies 1949 law on this subject."
Section 180.813, Stats., requires that the application for a certificate of authority, filed by a foreign corporation, contain the "proportion of its capital which is represented in this state by its property to be located or to be acquired herein and by its business to be transacted herein," and the statute describes how that capital is to be calculated. *Page 537 
Generally, a state, having the power to exclude foreign corporations entirely, has the power to impose such license fee as it chooses as a condition precedent to the admission of a foreign corporation to do business in the state. 51 Am Jur.,Taxation, sec. 843, p. 752; 18 Fletcher, Cyc. Corp. (perm. ed.), sec. 1817, p. 616. As stated in New York Life Ins. Co. v. State
(1927), 192 Wis. 404, 211 N.W. 288, 212 N.W. 801, writ of error dismissed 276 U.S. 602, 48 S.Ct. 323, 72 L.Ed. 726; at pages 407-408:
 "It is elementary that Wisconsin has the right to determine the conditions under which it will permit foreign insurance companies to do business in this state. The state may refuse to permit them to transact business within its boundaries or it may impose such restrictions or conditions as it sees fit as a prerequisite to permitting them to do business in this state. Among the conditions that may be required is the payment of a license fee. . . ."
Section 180.87 (1) (i), Stats., is quite clear, explicit and wholly unambiguous. Under its provisions, the initial entrance or filing fee which a foreign corporation must pay is based on "its capital . . . employed or to be employed in this state" and neither subsec. (1) (i) nor sec. 180.813, Stats., contains any allowance for a credit because some part or all of the capital of the newly applying corporation generated the payment of fees by some other corporation which had previously employed such capital in this state. Section 180.87 (1) (i), Stats., simply requires that there be a qualification fee and sets forth the manner in which it is to be computed.
The 1968 opinion of my predecessor, relied upon by Green Giant Company (Delaware), interpreted the provisions of sec. 180.87 (1) (j), 1967 Stats. Subsequently, that provision has only been changed in one minor regard not here material and presently reads:
 "(j) Filing an annual report of a foreign corporation $15, and in case said annual report shows that the corporation employs in this state capital in excess of the amount of capital on which a fee has previously been paid, computed as provided in s. 180.813, an additional fee which with previous payments made on account of capital employed in this state, will amount to $1 for each $1,000 of such excess." *Page 538 
Subsection (1) (j) provides that once a foreign corporation has been qualified to transact business in Wisconsin by paying an entrance fee on capital computed under sec. 180.813, Stats., it may nevertheless be subject to an additional fee where a subsequent annual report discloses any increase in capital beyond that upon which the entrance fee was based. For the purposes of the annual report, the amount of capital is computed under sec. 180.833, Stats.
The 1968 opinion indicated that when two foreign corporations authorized to do business in Wisconsin merge, the surviving corporation may receive a credit on the filing fee due with its subsequent annual report under sec. 180.87 (1) (j), Stats., to the extent that previous fee payments had been made by the merged corporation on its capital employed within Wisconsin. In reaching such conclusion, the following is stated in 57 OAG 185, at p. 186:
 ". . . It is significant that the filing corporation, in computing its credit under the revised statute, is not limited to `the amount of capital on which it has previously paid a fee' but may include any capital on which a fee has previously been paid. . . ."
However, the 1968 opinion nowhere deals with the text of sec. 180.87 (1) (i), Stats., which statutory language in fact establishes the basis for the entrance fee to be paid by a foreign corporation desiring authority to transact business in Wisconsin. I also note that sec. 180.87 (1) (i), Stats., here under consideration, contains the very language which the 1968 opinion found significant, but lacking, in sec. 180.87 (1) (j), Stats. Therefore, since neither the law nor the facts under consideration here were treated in the 1968 opinion, I do not consider the latter opinion determinative of the present question.
In my opinion, under sec. 180.87 (1) (i), Stats., previous fee payments made by a foreign corporation on its capital employed in Wisconsin may not be credited to another foreign corporation into which it has merged, upon the latter corporation filing application for authority to transact business in Wisconsin. The statutory provision clearly bases the fee to be paid on the capital of the applying corporation. Furthermore, the law makes no provision for credit or other offset because of any mergers which may have taken place in the past. The statute simply provides that any foreign corporation which wishes to obtain a certificate of authority to transact business *Page 539 
must pay an initial fee based on "its capital . . . employed or to be employed in this state. . . ." (Emphasis added.)
Subsection (i) is not retrospective. That is, upon the filing of an application of a foreign corporation for a certificate to transact business in this state, that corporation is not entitled to a credit for previous payments which may have been made by other foreign corporations in previous years. The applying corporation is required to pay a fee based on "its capital," regardless of original source.
You further advise that the plan and agreement for the merger of the Delaware and Minnesota corporations provided that the merger would become effective on November 1, 1973, and it is your understanding that the merger was in fact effective on that date, thereby terminating the existence of Green Giant Company (Minnesota). Under the circumstances, it appears that Green Giant Company (Delaware) may have transacted business in Wisconsin from and after November 1, 1973, without having obtained a Certificate of the Authority, contrary to sec. 180.801, Stats., since the corporation did not even apply for such certificate until November 8, 1973. If such be the fact, I agree with the further conclusion of your office that Green Giant Company (Delaware) is subject to the 50 percent penalty provisions of sec. 180.847 (3), Stats., which reads:
 "(3) A foreign corporation which transacts business in this state without a certificate of authority, if a certificate of authority is required under this chapter, shall be liable to this state, for the years or parts thereof during which it transacted business in this state without a certificate of authority, in an amount equal to all fees and other charges which would have been imposed by this chapter upon such corporation had it duly applied for and received a certificate of authority to transact business in this state as required by this chapter and thereafter filed all reports required by this chapter and in addition thereto it shall be liable for a penalty of 50% of such amount. Such fees and penalty shall be paid before a certificate of authority is issued."
It appears appropriate to point out, however, that although the basic fee due from Green Giant Company (Delaware) is apparently not in *Page 540 
question, it appears to have been computed on the basis of a full calendar or fiscal year while sec. 180.813 (1) (k), Stats., provides that it should only be based on that portion of the calendar year during which the corporation expects to transact business in this state.
I note that Green Giant Company (Delaware) has sought to excuse its tardy filing of an application for authority to transact business in Wisconsin by pointing to the fact that delay was experienced in obtaining certified copies of the Articles of Incorporation of the Delaware corporation (presumably as changed upon merger) from the Secretary of State of Delaware. However, I do not understand how the difficulty of the Delaware corporation in this regard would justify the Wisconsin Secretary of State ignoring Wisconsin law in reference to the qualification of foreign corporations to do business in this state. In any event, the Delaware corporation was apparently incorporated under its original name (GG Co.) in Delaware on May 10, 1973, and therefore had a number of months before November 1, 1973, during which it could have made application for authority to transact business in this state.
I indicated earlier that my duty to construe the law as it is written compels this result, and that I cannot usurp the prerogative of the legislature. It is my hope that the problem evident in this legal opinion will be reviewed by the legislature when it convenes next year.
VAM:JCM