CARBERRY, Administrator, Appellant, vs. GERMAN INSUR-
ANCE COMPANY, Respondent.

HODGSON, Appellant, vs. SAME, Respondent.

*October 20 — November 7, 1893.*

(1) *Insurance against fire: Loss payable to mortgagee: Who may main-
tain action?* (2) *Death of party: Revival of action: Laches: Dis-
cretion.*

| | |
|---|---|
| 86 | 323 |
| 86 | 396 |
| 86 | 323 |
| 92 | 616 |
| 86 | 323 |
| 104 | 402 |

1. The owner of mortgaged premises was, by a policy, insured against
loss or damage by fire to an amount greater than the mortgage
debt, "loss, if any, payable to" the mortgagee; and the insurer
thereby agreed to make good unto the said assured, his executors,
etc., all such loss or damage, not exceeding said amount. *Held,*
that the policy was given primarily to insure the owner, and only
so much was payable to the mortgagee as her interest might be;
that she was not a trustee of an express trust within the meaning
of sec. 2607, R. S.; and that in case of loss she could not alone main-
tain an action on the policy.

2. After an action upon the policy, brought by the assured and the
mortgagee, had been pending for nine years, the assured died. His
administrator was not appointed until two years after his death,
and no application to revive the action was made until a year later,
after there had been a trial thereof and a judgment dismissing the
complaint. *Held,* that the denial of such application was not an
abuse of discretion.

APPEALS from the Circuit Court for *Milwaukee* County.
On December 6, 1877, one Andrew Carberry, since de-
ceased, owned a dwelling house in Pewaukee. On that
day he procured from the defendant company a policy of
insurance on the same, whereby, in consideration of a sum
therein named, the defendant insured him against loss or
damage by fire to the amount of $1,000, "loss, if any, pay-
able to *Esther E. Hodgson,* mortgagee." Said company
thereby agreed to make good unto the said assured, *his* ex-
ecutors, administrators, and assigns, all such immediate
loss or damage, not exceeding the sum named, as should

324      SUPREME COURT OF WISCONSIN.      [86

Carberry vs. German Ins. Co.   Hodgson vs. Same.

happen by fire between December 6, 1877, and December 6, 1878.

On August 21, 1878, said property so insured was totally destroyed by fire. On April 27, 1879, the assured's last proofs of loss were furnished to the defendant. On August 14, 1879, an action was commenced by the said Andrew Carberry and *Esther E. Hodgson* against this defendant in the circuit court for Waukesha county to recover such insurance. On October 10, 1879, the defendant demurred to the complaint for insufficiency. On June 21, 1880, such demurrer was overruled. The order overruling the same was reversed, March 24, 1881. See 51 Wis. 605. In February, 1882, the said Andrew Carberry and *Esther E. Hodgson* served an amended complaint in said action. On March 18, 1882, the defendant answered the said amended complaint upon the merits. On May 22, 1882, a jury in said action was waived by stipulation. On August 11, 1882, by leave of the court, the said Andrew Carberry and *Esther E. Hodgson* amended their amended complaint therein. On September 5, 1882, the defendant answered said last-named amended complaint. On December 5, 1882, the venue in said action was changed to Milwaukee county. During the following six years several motions and proceedings therein were had and taken, unnecessary to be repeated here.

On December 26, 1888, the said Andrew Carberry died intestate. On February 17, 1891, the plaintiff *James A. Carberry* was appointed administrator of his estate, and thereupon qualified as such. On January 19, 1892, the cause was tried without being revived as to said deceased, and at the close of said trial the court ordered the amended complaint to be dismissed. The costs were thereupon taxed, and judgment was thereupon entered in favor of the defendant and against the said *Esther E. Hodgson*, dismissing said amended complaint, and for $38.36 costs and disburse-

ments. In February, 1892, the said *James A. Carberry*, upon affidavits, procured an order to show cause why the said judgment should not be set aside and the complaint amended so as to revive the cause on the part of the said Andrew Carberry in the name of the said *James A. Carberry* as such administrator. The defendant opposed said application, and April 22, 1892, the same was denied by the court. Thereupon the said *James A. Carberry*, as such administrator, applied to the court for leave to file a supplemental complaint as such administrator, and to prosecute said claim. On April 27, 1892, the defendant opposed the same by affidavits, and on January 28, 1893, the court made an order denying the application to set aside said judgment and allow said supplemental complaint to be filed and the claim to be prosecuted by the said *James A. Carberry*.

On January 20, 1893, the said *Esther E. Hodgson* appealed from said judgment so entered January 26, 1892; and the said *James A. Carberry* appealed from said order of January 28, 1893.

For the appellants there were briefs by *W. J. Turner* and *P. H. Carney*, and oral argument by *Mr. Turner*. They contended, *inter alia*, that the policy is, in effect, a promise by the insurance company for the benefit of a third person, *Mrs. Hodgson*. It is settled that such third person may maintain the action. *Putney v. Farnham*, 27 Wis. 187; *Bassett v. Hughes*, 43 id. 319; *McDowell v. Laev*, 35 id. 171; *Cotterill v. Stevens*, 10 id. 422; *Cook v. Barrett*, 15 id. 596; *Kimball v. Noyes*, 17 id. 695; *Kollock v. Parcher*, 52 id. 399. Assuming that *Mrs. Hodgson* has personally only a partial interest in the recovery, still by the terms of the policy she is made payee in case of loss, and is the trustee of Carberry for the sum remaining after her debt is satisfied. Payment to her and a release by her will completely discharge the defendant from liability

Carberry vs. German Ins. Co.    Hodgson vs. Same.

under the policy. She may, therefore, maintain the action alone. R. S. sec. 2607; *Kimball v. Spice,* 12 Wis. 668; *Archibald v. Mut. L. Ins. Co.* 38 id. 542; *Considerant v. Brisbane,* 22 N. Y. 389; *Wetmore v. Hegeman,* 88 id. 69; *Greene v. Niagara Ins. Co.* 13 Hun, 128. The court being of the opinion that Andrew Carberry was a necessary party plaintiff, and it appearing that he was dead, it became the duty of the court to stay the proceedings and order the administrator brought in. R. S. sec. 2610; *Shove v. Shove,* 69 Wis. 425; *Jones v. Graham,* 80 id. 6.

*F. W. v. Cotzhausen,* for the respondent.

CASSODAY, J. At the time the policy was procured *Mrs. Hodgson* held a mortgage on the premises, given September 6, 1876, for $600. That mortgage was considerably less than the amount of the insurance. The property insured being real estate, there can be no question that the mortgage was merely a lien, and that the mortgagor, Andrew Carberry, was the absolute owner of the premises and had an insurable interest therein to the extent of their value, notwithstanding the mortgage. *Cayon v. Dwelling House Ins. Co.* 68 Wis. 510. It is, moreover, well settled that *Mrs. Hodgson,* as mortgagee, was absolutely bound by any and all the stipulations in the policy. *Gillett v. L. & L. & G. Ins. Co.* 73 Wis. 203; *Blake Opera House Co. v. Home Ins. Co.* 73 Wis. 670; *Meiswinkel v. St. Paul F. & M. Ins. Co.* 75 Wis. 156; *Continental Ins. Co. v. Hulman,* 92 Ill. 145. It follows that whatever may have been said or done by Andrew Carberry as such owner which might operate to defeat the policy would be equally available as a defense against any claim made against the company by *Mrs. Hodgson. Ibid.* This being so, it is very manifest that Andrew Carberry was a necessary party to the action, and that he and *Mrs. Hodgson* were properly joined as plaintiffs when the action was originally commenced. *Hammel v. Queen Ins. Co.* 50

Wis. 244.  The action so commenced was pending for more than nine years before the death of Andrew Carberry. He had been dead for more. than three years before the cause came on for trial, and it was then tried without ever having been revived as to his representatives and with *Mrs. Hodgson* as sole plaintiff.  Prior to such trial her mortgage had been foreclosed, and she had thereby realized a considerable portion of her claim; and of course the balance of it belonged to the estate of the deceased.  It is contended that the wording of the policy, as mentioned in the foregoing statement, would have justified *Mrs. Hodgson*, as "a trustee of an express trust," to commence and prosecute the action in her own name, without joining Andrew Carberry; and hence that she had the legal right to prosecute the same after his death without being revived in the name of his representative.  But we do not think the wording of the policy brings the case within the section of the statute relied upon,— sec. 2607, R. S.  .The agreement in the policy is to make good unto Andrew Carberry, his executors, administrators, and assigns, all such loss or damage, not exceeding the sum named.  The words, "loss, if any, payable to *Esther E. Hodgson*, mortgagee," must be construed with reference to the general purpose and import of the policy; and, so construed, it is very obvious that the policy was given primarily to insure Andrew Carberry, and only so much was made payable to *Mrs. Hodgson* as her interest might be.  Indeed, the original complaint and the several amended complaints are all on that theory.  Since her claim was subject to any and all defenses available against Andrew Carberry, and since the defendant could not make such defenses without the presence of Andrew Carberry, or his representative, as a party, it was obvious that the trial court was right in holding that *Mrs. Hodgson* could not maintain the action as sole plaintiff.  *Thatch v. Metropole Ins. Co.* 11 Fed. Rep. 29; *Hartford F. Ins. Co. v. Daven-*

*port*, 37 Mich. 609; *Shove v. Shove*, 69 Wis. 425. The judgment of the circuit court on her appeal is affirmed.

The question recurs whether the court improperly refused to allow the action to be revived on the application of the administrator. As indicated in the foregoing statement, he was not appointed until more than two years after the death of Andrew Carberry, and the application was not made until more than three years after his death, nor until after the trial and judgment against *Mrs. Hodgson.* The statute provides, in effect, that in case of the death of a party, if the cause of action survives or continues, the court, on motion, at any time *within one year* thereafter, or *afterwards on a supplemental* complaint, *may* allow the action to be continued by or against his representatives or successor in interest. Sec. 2803, R. S. The question presented has recently received the careful consideration of this court. *Cavanaugh v. Scott*, 84 Wis. 93. It was there in effect held that the court is at liberty, in the exercise of a sound discretion, to grant or refuse such application according to the peculiar circumstances of each particular case; that an unexplained and unexcused neglect to proceed for an unreasonable period, whereby the other party has or may have lost his means of defense, would justify such refusal; that such laches may consist in long delay and gross neglect to proceed in the action, before as well as after the death of the party; but that the mere lapse of time which the court can see will not operate prejudicially to the opposite party, and not amounting to a statutory bar, will not afford ground for the denial of such application. The reasons for so holding and the authorities in support of the same are sufficiently given in the opinion of Mr. Justice PINNEY in the case cited. The same principle as to laches has frequently been affirmed by our highest federal court. *Bryan v. Kales*, 134 U. S. 126; *Guiliher v. Cadwell*, 145 U. S. 368; *Johnston v. Standard M. Co.*

148 U. S. 360. From a careful examination of the record we are constrained to hold that there was no abuse of discretion in refusing the application of the administrator. The order of the circuit court on *James A. Carberry's* appeal is affirmed.

*By the Court.*— Ordered accordingly.