Hine, Appellant, vs. Grant, imp., Respondent.

*September 30—October 20, 1903.*

*Action: Dismissal for want of prosecution: Reinstatement: Discretion: Abuse: Showing of merits.*

1. After the dismissal of an action had been ordered, under sec. 2811a, Stats. 1898, because it had not been brought to trial within five years after its commencement, it was an abuse of discretion to refuse to vacate such order when it was shown that plaintiff's attorneys agreed to a continuance over the last term within the five-year limit at the request and for the convenience of defendant's counsel; that counsel on both sides agreed to place the case on the calendar of the first term beyond the five-year limit; and that plaintiff's counsel thereafter consented to continuance over that term to accommodate defendant's counsel, but had duly noticed the case for trial at the next following term.

2. No showing of merits in such a case was necessary, other than the verified complaint stating a cause of action.

APPEAL from a judgment of the circuit court for Kenosha county: E. B. BELDEN, Circuit Judge. *Reversed.*

This is an action upon promissory notes, which was commenced by the service of summons July 5, 1897, the complaint being duly verified. The defendant *Grant* appeared and answered October 2, 1897, setting up various defenses, which are not necessary to be stated. On the 7th of March, 1903, an order was made by the circuit court, without notice, ordering judgment of dismissal of the complaint, the same being based upon an affidavit of J. V. Quarles, Jr., one of the defendant's attorneys, stating the date of the service of the summons and the date of the joining of issue, and that the action had not been brought to trial, and that it had been more than five years since its commencement. On the 9th day of March following a motion was made by the plaintiff to vacate the said order of dismissal, which motion was based upon the record and the affidavit of Charles Canright, one of the attorneys for the plaintiff, in which he stated that he

"has had personal charge of said action from its beginning up to the present time; that Quarles, Spence & Quarles are the attorneys for the defendant *Emory L. Grant,* and that Senator J. V. Quarles has had personal charge of the matter for said defendant's attorneys; that said action was begun on the 14th day of July, 1897, in the superior court of Milwaukee county, and thereafter transferred to the circuit court of Kenosha county; that issue in said action was joined on the 2d day of October, 1897; that on the 4th day of August, 1898, said action was noticed for trial, which notice was filed with the clerk of this court in time for the case to be placed on the term calendar for the September term following; that shortly thereafter negotiations were entered into between the attorneys in said action for a settlement thereof; that said plaintiff is a resident of the state of California, and said negotiations occupied a period of several months; that the offer of settlement suggested by said defendant was finally refused by said plaintiff, and the trial of said action was thereby delayed until the close of the year 1901; that thereafter Senator Quarles advised plaintiff's attorneys that he

would be unable to take up said action at the March, 1902, term of said court, and at his request, on the 21st day of February, 1902, a stipulation was entered into between the attorneys herein, by which it was agreed that said action should be continued for the March, 1902, term, and placed on the calendar for trial at the September, 1902, term, and not prior thereto; that said stipulation was duly filed with the clerk of this court; that thereafter and a few weeks prior to the September term of said court, Senator Quarles again advised plaintiff's attorneys that he could not take up said action for trial at the September, 1902, term, as he was about to go to Alaska, and asked that said action be permitted to go over until some later date, to which plaintiff's attorneys consented; that notice of trial was served upon defendant's attorneys for the present March term of said court, this being the first term following the September, 1902, term; that upon filing said notice with the clerk of this court said clerk notified plaintiff's attorneys that an order had been filed by defendant's attorneys dismissing said action for the reason that same had not been brought to trial within five years from the date of joining issue; that the procuring and filing of said order was a great surprise to plaintiff's attorneys, and without their knowledge or consent; that the reasons why said action has not been brought to trial are set forth in this affidavit, and affiant asks that said action be reinstated and placed on the calendar for trial on the regular order of the business of this court."

This motion was heard March 16th, and upon the hearing thereof J. V. Quarles, Jr., filed an affidavit stating that

"for the space of two years and more last past he has had personal charge of the above-entitled action; that all of the negotiations which have taken place in the above-entitled action within said period of time have taken place between this affiant, representing *Emory L. Grant,* and Charles E. Canright, representing said plaintiff, to the best of this affiant's knowledge and belief; that the stipulation of continuance for the term referred to in the affidavit of said Charles E. Canright was entered into and signed by this affiant."

After hearing, the court denied the motion and entered judgment of dismissal, from which the plaintiff appeals.

For the appellant there was a brief by *Nath. Pereles & Sons,* and oral argument by *C. F. Hunter.*

For the respondent there was a brief by *Quarles, Spence & Quarles,* and oral argument by *J. V. Quarles, Jr.*

WINSLOW, J. It seems very plain that upon the showing made the trial court should have vacated the order of dismissal. Our statute (sec. 2811a, Stats. 1898) provides that circuit or superior courts may dismiss, with or without notice, all actions or proceedings pending in which issue has been joined and which are not brought to trial within five years after their commencement. Sec. 2832 of the same statutes provides that the court or judge may in discretion, and upon just terms, and within a year after notice, relieve a party from any judgment, order, or other proceeding taken against him through his mistake, inadvertence, surprise, or excusable neglect.

The order of dismissal was properly made under the first section cited. All the facts required by the section then appeared without dispute. It appeared to be a case of sheer and inexcusable neglect. But when the application to vacate the order was made other facts appeared, which were undisputed and very persuasive. These facts were that the action was noticed for trial in August, 1898, and that negotiations for settlement were then entered into which lasted for several months; that in February, 1902, on request of one of the defendant's attorneys, a written stipulation was made, continuing the case over the then approaching March term, and placing it on the calendar for the September term; that at some time prior to the last-named term, the plaintiff's attorneys, upon request of one of the defendant's attorneys, consented that the case might go over that term; and that the plaintiff's attorneys duly noticed it for trial at the March term, which was the next term following the September term. The March term, 1902, was within the five-year limit; the September

term, 1902, and the March term, 1903, were beyond the limit. Thus it appears that the plaintiff's attorneys agreed to a continuance over the last term within the five-year limit at the request of and for the convenience of the defendant's counsel; that counsel on both sides agreed to place the case on the calendar of the first term beyond the five-year limit, and that plaintiff's counsel consented to continuance over that term to accommodate defendant's counsel. These facts can leave no reasonable doubt as to the plaintiff's right to be relieved from the order of dismissal. The statute referred to (sec. 2811a) was passed to punish the suitor who sleeps away his day in court, and give trial courts a certain and speedy means of clearing the records of mere deadwood, not to turn out of court a suitor who, though ready to proceed seasonably, has consented to delay in order to accommodate opposing counsel, as was shown to be the case here. This proposition seems too plain for extended discussion. The complaint was duly verified, and stated a cause of action. No further showing of merits was necessary. The court abused its discretion in not vacating its order of dismissal.

*By the Court.*—Judgment reversed, and action remanded with directions to grant the plaintiff's motion to vacate the order of dismissal upon such terms as may be just, and for further proceedings according to law.