WILLS and another, by guardian, Respondents, vs. SHEPARD, Appellant.

*April 11—May 6, 1924.*

*Abatement and revival: Discretion of court: Laches: Counterclaiming defendant: Responsibility for expediting litigation.*

1. An order for the revival of an action is discretionary, and will not be reversed in the absence of an abuse of discretion. p. 28.

2. In view of the policy of the law as indicated by sec. 2811a, Stats., authorizing the dismissal of an action not brought to trial within five years after its institution, it is improper to revive, two years after plaintiff's death, an action of eject-

ment which had at her death been pending twelve years without trial, though she had urged her attorney to bring it to trial, especially if the revival will work hardship on the defendant.    p. 29.

3. Even if the answer of defendant contained a counterclaim in the nature of a defense to the action, defendant had a right to rely upon the *status quo,* the duty of expediting litigation remaining with him who institutes it; and the responsibility for the prosecution of the action is not transferred to or shared with the counterclaiming defendant.    p. 31.

APPEAL from an order of the circuit court for Dane county: E. RAY STEVENS, Circuit Judge.    *Reversed.*

For the appellant there was a brief by *Schubring, Ryan & Petersen* of Madison, and oral argument by *William Ryan.*

For the respondents there was a brief by *Tenney, Tenney & Reynolds,* and oral argument by *E. J. Reynolds* and *Dudley Davis,* all of Madison.

OWEN, J.    The appeal is from an order reviving the action of Hattie Eddy v. Maria Shepard, substituting the parties plaintiff for Hattie Eddy, deceased, permitting their prosecution of the action by their guardian, changing the title of the action accordingly, and granting leave to serve an amended complaint.    The original action was commenced August 8, 1909.    The original plaintiff, Hattie Eddy, died August 11, 1921.    From the time of the commencement of the action until the time of Mrs. Eddy's death the action was not brought to trial, and it does not appear that any attempt to that end was made by the plaintiff.    The motion for revival was brought on for hearing before the circuit court May 14, 1923.    The action is in ejectment, to recover one and 44-100 acres of land in the town of Madison, Dane county.

It appears that in 1902 one James Jack executed a land contract to I. W. Shepard, the husband of defendant, agreeing to convey to said Shepard five acres of land in lots 38

and 39 in the plat known and described as Lakeland. I. W. Shepard took possession, with the acquiescence of James Jack, of five acres of land. Jack and Shepard agreed upon the northern boundary thereof. Thereafter Jack deeded to the plaintiff certain premises, the south line of which was the north line of the Shepard premises. Thereafter a fence was erected on what Shepard, with the apparent acquiescence of Jack, claimed to be the northern line of his premises. Jack died in 1904, and in 1905 his executor executed to the defendant a deed to the premises covered by the land contract executed by Jack to I. M. Shepard. It appears that neither the land contract executed to I. M. Shepard, nor the deed executed to the defendant, correctly describes the land of which the Shepards took possession. According to the calls of the deed from Jack to Shepard, the northerly line of the Shepard property is some ninety-five feet south of the northerly line of the property of which the Shepards took possession. Plaintiff claimed, therefore, that her southerly line should be ninety-five feet south of the fence which was originally erected between the Eddy and Shepard property with the apparent acquiescence of all concerned, and which, if true, gives to the plaintiff one and 44-100 acres of land which has been occupied by the Shepards ever since the execution of the land contract from Jack to I. M. Shepard.

The question is whether the circuit court committed error in permitting the revival of the action. This is a discretionary order, and will not be reversed in the absence of an abuse of discretion. *R. G. Uhlmann Fur Co. v. Gates*, 155 Wis. 385, 144 N. W. 991. The first circumstance that strongly challenges attention is the fact that the action was commenced in 1909 and had not been brought to trial at the time of the plaintiff's death in 1921, a period of twelve years. It further appears that the Shepards went into possession of this land in 1902, and that but for the pendency of this action their possession would presumably have

ripened into a perfect title through adverse possession. Just as public policy declares that there shall be a limitation as to the time within which actions may be brought, so is it the policy of the law that when an action is brought it shall be prosecuted with some reasonable degree of expedition. Sec. 2811a, Stats., authorizes the dismissal of an action when it has not been brought to trial within five years after its institution. While this is not a mandatory statute, and it does not fix a hard-and-fast rule, it does rather significantly indicate public policy upon that question. Five years is a generous time within which to permit a plaintiff to bring an action to trial. When there has been a delay for that period it raises a strong presumption of laches, from the consequence of which a plaintiff should be excused only for reasonable cause. The excuse offered by the plaintiffs here is that Mrs. Eddy, during her lifetime, did not consent to an abandonment of the case, but that she was habitually urging her attorney to bring the case to trial. There was some showing made that her attorney had done some work on the case during the last five or six years. There is no showing, however, that he did do any work on the case or give it any attention for a period of eight or nine years after it was started. It should be remarked that the prosecution of litigation is under the control of the litigant, and that responsibility therefor cannot be entirely shifted onto the attorney.

It appears that there was a period of eight or nine years after this case was started in which nothing was done by the attorneys so far as this record discloses. To relieve a litigant of such laches requires a rather clear explanation. We feel that such an explanation is lacking here. And even though there were no objection to the revival of this action except the laches of the plaintiff, its revival would not only ignore, but approach defiance to, the policy of the law as expressed in sec. 2811a. Especially should an action not be revived after such emphatic laches if the revival of

the action will work hardship upon the defendant. From what has already been said it is evident that there is much reason to believe at least that the deed from Jack to Shepard did not describe the land which the Shepards supposed they were buying and which the vendor supposed he was selling.

The protection of defendant's rights calls for an inquiry into that question. The vendor himself is dead. True, he was dead at the time of the commencement of this action and defendant could not have had the benefit of his testimony in any event. However, it seems quite likely that many facts and circumstances to establish plaintiff's contention might have been available to the defendant if the action had been seasonably brought on for trial which now have faded from the memory of witnesses. It is a well known fact that a trial postponed for fifteen years places a litigant who must rely upon the memory of witnesses for the establishment of facts at a great disadvantage. Besides, it further appears that the Shepards did not establish the southern boundary of their premises as far south as the calls in their deed entitled them to within twenty-four feet. That part of the premises has been the subject of adverse possession, and title thereto may be lost to the defendant; at least other parties claim it. If the defendant is to lose a strip from the north boundary of her premises, she will be unable to reclaim twenty-four feet of the south boundary to which her deed entitles her.

In *Allen v. Frawley,* 138 Wis. 295, 298, 119 N. W. 565, it is said that an action should not be revived "where delay and laches have intervened so as to place the defendant at serious disadvantage, and usually not where such delays have permitted a statute of limitations to run against the original demand." Of course the degree of both laches and disadvantage are to be considered by a court of equity. In this case the laches is great. The disadvantages are by no means insignificant. That a portion of the premises which defendants might have reclaimed under the terms of their deed is lost to them, seems quite probable. The revival of

this action after so long a lapse of time certainly finds no precedent in the decisions of this court, and we have been referred to none in the decisions of other courts. We do not think it embodies wholesome public policy. It is better that the boundaries to the premises involved in this action remain where they are and have been for over twenty years.

Plaintiffs contend that defendant's answer embodied a counterclaim, and defendant was just as much under obligation to bring the case to trial as was the plaintiff. We cannot indorse this view. Even though defendant's answer did embody a counterclaim, it was a counterclaim in the nature of a defense to this action. Defendant had a right to rely upon the *status quo* if she saw fit to do so, and to permit her counterclaim to slumber unless plaintiff saw fit to press her cause of action. The duty of expediting litigation should remain with him who institutes it, and the mere interposition of a counterclaim which operates as a defense to plaintiff's cause of action should not operate either to transfer responsibility for the prosecution of the action from the plaintiff to the defendant or to divide such responsibility between them. It should remain with the plaintiff.

*By the Court.*—Order reversed.

Vinje, C. J., took no part.