SCHLEIF, Appellant, vs. DEFNET and others, Respondents.*

*May 1—June 6, 1950.*

* Motion for rehearing denied, with $25 costs, on September 6, 1950.

For the appellant there was a brief by *Treis & Corrigan*, attorneys, and *Alexander Lakes* of counsel, all of Milwaukee, and oral argument by *Mr. Lakes.*

For the respondents there was a brief by *Oliver L. O'Boyle* of Milwaukee, for Margaret B. Defnet, Annette Ryan, and Stephan E. Sebastian; *Charles C. Erasmus* of Milwaukee, for Alma P. Erasmus; and *Shaw, Muskat & Paulsen* of Milwaukee, for Albert F. Young and the Fidelity & Casualty Company of New York, and oral argument by *Mr. Erasmus* and by *Mr. John F. Zimmerman* of Milwaukee.

HUGHES, J.    Summons was served and filed August 17, 1938.  On November 16, 1938, plaintiff retained Alfred J. Sapiro, who drafted a complaint which was served and filed December 1, 1938.

Shaw, Muskat & Paulsen appeared for Fidelity & Casualty Company of New York and Dr. Young, and served demurrers upon plaintiff's counsel on December 15, 1938. Answers were served and filed by Oliver L. O'Boyle on behalf of defendants Defnet and Ryan, December 10, 1938. On January 31, 1939, an answer was served by Cornelius P. Hanley, representing defendants Craite and Sebastian; this was not filed until November 24, 1939. Alma P. Erasmus has neither answered nor otherwise pleaded.

From the affidavits of the plaintiff and of Harold J. Sanville, an attorney, offered by the plaintiff in support of her motion to reinstate the action, it appears that prior to August 19, 1940, plaintiff consulted Sanville and expressed dissatisfaction with the manner in which her attorney of record was handling the matter. Sanville thereupon checked the court records and advised the plaintiff that the demurrers had not been disposed of nor had the cases been noticed for trial. He also advised her that if she were going to procure other counsel she should file her address with the clerk of court so that she would be notified if any motion were made while she was without counsel of record.

On August 29, 1940, pursuant to request of plaintiff, Mr. Sapiro filed with the court a notice of withdrawal from the case.

October 16th plaintiff mailed a letter to the clerk of court advising him of her address. Attorney Sanville advised plaintiff that sec. 269.25, Stats., made her lawsuit subject to dismissal if not brought to trial within five years from date of commencement.

By order dated December 23, 1943, Walter J. Schinz, circuit judge, dismissed plaintiff's action. This order was based upon a motion made by Shaw, Muskat & Paulsen, notice of which had been served upon Mr. Sapiro.

Plaintiff contends that Sapiro had no authority to accept notice of the 1943 motion and that the court should have relieved her from the dismissal order by reinstating the

action. This appeal is based upon the theory that the trial court was guilty of an abuse of discretion in refusing to reinstate the action.

The action had been pending more than five years at the time it was dismissed. The fact that plaintiff had no notice when the dismissal motion was heard in 1943 was a proper matter for the court to consider. We cannot see any evidence in the record that the trial court failed to do so. The statute permits dismissals without notice after five years.

In 1949 when plaintiff made her motion to reinstate she could be in no better position than if no dismissal had been entered. If the motion were one to dismiss instead of to reinstate, the trial court would have had the right to consider plaintiff's delay in bringing the case on for trial. Almost eleven years had then elapsed after filing of the complaint.

Plaintiff contends that she was misled to her prejudice because she relied upon her attorney, Mr. Sapiro. He had been her attorney for only two years, 1938–1940. Surely she cannot be heard to say that she was relying upon him to do anything in her behalf after she had caused him to withdraw from the case. Furthermore, in 1940, Mr. Sanville had advised her of the need to avoid delay.

The letter which Mr. Sanville advised plaintiff to mail to the clerk of court was intended as a stopgap to prevent counsel for the defendants taking any sudden action while she was engaging new counsel, but it did not relieve her of responsibility to complete the litigation which she had commenced. If she had a cause of action worth trying, she should have brought it on for trial within eleven years. The court was entitled to consider the additional delay upon her part when determining the motion for reinstatement. She gave no real reason for the delay from 1940 until 1949.

Counsel also contends that the trial court erred in dismissing the action as to the defendants who made no motion, and therefore as to those defendants it should be reinstated.

The duty to proceed with an action which is in default is as great as in one at issue. The plaintiff's right to reinstatement was resisted by all but two defendants and her failure to diligently prosecute the action was as much of a bar to the action against Alma Erasmus, who had not answered, as it was against those defendants who had.

The trial court did not abuse its discretion in refusing to reinstate the action.

*By the Court.*—Order affirmed.