NEUHAUS and wife, Appellants, v. CLARK COUNTY, Respondent. [Two cases.]

*September 5—October 3, 1961.*

For the appellants there were briefs by *Pors & Pors* of Marshfield, and oral argument by *William P. Pors*.

For the respondent there were briefs and oral argument by *Everett C. Gorsegner,* district attorney.

MARTIN, C. J.   The trial court based its dismissals in both actions on failure to prosecute under sec. 269.25, Stats. That statute provides:

"The court may without notice dismiss any action or proceeding which is not brought to trial within five years after its commencement."

The statute is permissive, not mandatory, and unless the judgment of the trial court is clearly the result of an abuse of discretion, this court will not disturb it.   See *Condon Wrapping Machine Co. v. Racine Engine & Machinery Co.* (1924), 183 Wis. 435, 198 N. W. 268.   As stated in *Hine v. Grant* (1903), 119 Wis. 332, 335, 336, 96 N. W. 796, the purpose of the statute was—

". . . to punish the suitor who sleeps away his day in court, and give trial courts a certain and speedy means of clearing the records of mere deadwood, . . ."

Although the court there reversed a judgment of dismissal under the statute, it pointed out that at the time dismissal was ordered all the facts required by the section then appeared without dispute—"It appeared to be a case of sheer and inexcusable neglect."   But on plaintiff's motion to vacate the order of dismissal it was shown that the delay was the result of plaintiff's agreement to accommodate opposing

counsel. The time involved was just beyond the five-year limit.

In *Fleming v. Ellison* (1905), 124 Wis. 36, 41, 102 N. W. 398, this court said of sec. 2811*a,* Stats. 1898 (now sec. 269.25) :

"This statute was passed after the decisions of this court in *Cavanaugh v. Scott,* 84 Wis. 93, 54 N. W. 328, where the motion to revive was made eighteen years after the commencement of the action, and *Carberry v. German Ins. Co.* 86 Wis. 323, 56 N. W. 920, where motion to revive was made about twelve years after the commencement of the action, and indicates the legislative policy that actions should not be permitted to slumber indefinitely, but that a reasonable time should be allowed within which to prosecute them, and provides a limitation."

As originally enacted by ch. 119, Laws of 1897, the statute applied only to actions in which "issue shall have been joined." In 1935, by ch. 541, sec. 139, it was amended by deleting the language referred to, with the obvious intention that the statute apply to all actions pending, regardless of whether issue has been joined.

Appellants maintain that in the present case it has been the respondent who has slept away its day in court, arguing that they should not be subjected to dismissal because they have "courteously extended to the respondent an extraordinary amount of time in which to join issue and to bring the matter to trial." There is nothing in the record to indicate that the delay of more than thirty years was due to respondent's desire for an extraordinary amount of time, and no reason whatever for the delay was advanced during oral argument. The duty of expediting litigation should remain with the one who starts it. *Wills v. Shepard* (1924), 184 Wis. 26, 198 N. W. 618. See also 17 Am. Jur., Dismissal, Discontinuance and Nonsuit, p. 154, sec. 80. And the duty to proceed with an action which is in default is as great as in

one at issue. *Schleif v. Defnet* (1950), 257 Wis. 170, 42 N. W. (2d) 926. In the *Condon Case, supra,* page 437, this court said:

"The statute indicates a wise legislative policy to prevent unreasonable delays in the prosecution of actions. Unless there is a clear and justifiable excuse for not bringing the action to trial, this court will not reverse the judgment of the lower court."

The appeal to the circuit court from the award of the appraisers is as subject to dismissal under sec. 269.25, Stats., as is the action for trespass and injunction. The appeal was taken pursuant to sec. 32.11, Stats. 1929, and such an appeal is in the nature of an ordinary action, subject to all the provisions of law relating to actions originally brought in the circuit court. *Milwaukee L., H. & T. Co. v. Ela Co.* (1910), 142 Wis. 424, 125 N. W. 903. Thus, the action has been pending in the circuit court since the notice of appeal was filed in September, 1930.

Appellants offer no excuse whatever for the delay of thirty years in the prosecution of either of these cases and it was clearly within the discretion of the trial court to dismiss them. We may say that had the court acceded to the appellants' demands without a clear and justifiable excuse for so long a delay, this court would find no difficulty in reversing such a decision as an abuse of discretion.

Appellants also contend that their constitutional right to "just compensation" under sec. 13, art. I, Wis. Const., is violated by the judgments of dismissal. The first action, however, is not for condemnation but for trespass and injunction, and the constitutional provision applicable is sec. 9, art. I:

"Every person is entitled to a certain remedy in the laws for all injuries, or wrongs which he may receive in his person, property, or character; he ought to obtain justice freely, and without being obliged to purchase it, completely and

without denial, promptly and without delay, conformably to the laws."

This merely guarantees every suitor his day in a court of competent jurisdiction; it does not guarantee a remedy accompanied by certainty of recovery. *New York Life Ins. Co. v. State* (1927), 192 Wis. 404, 211 N. W. 288. It was appellants' duty to pursue their rights by applying to the court for a default judgment within a reasonable time after failure of respondent to answer. Sec. 269.25, Stats., making the pursuit of those rights subject to the trial court's discretion after five years from the commencement of the action, is not repugnant to the constitutional provision. Neither the Fourteenth amendment, U. S. Const., nor sec. 9, art. I, Wis. Const., prevents the legislature from imposing conditions and limitations on a suitor's right to recovery under the laws. *Hoffmann v. Milwaukee E. R. & L. Co.* (1906), 127 Wis. 76, 106 N. W. 808.

Sec. 13, art. I, Wis. Const., requires that compensation be paid to the owner of property taken for public use. The procedure to be followed for the recovery of such compensation must be that which the law directs. *Konrad v. State* (1958), 4 Wis. (2d) 532, 91 N. W. (2d) 203. It appears that the proper procedure was followed in the appellants' second action, which was for inverse condemnation, but in any event they are estopped from contesting the validity of the proceedings since they were paid the amount of the condemnation award in 1932. *Beer v. Ozaukee County Highway Comm.* (1960), 9 Wis. (2d) 346, 101 N. W. (2d) 89. Seeking additional compensation, they appealed the award to the circuit court. As pointed out above, such an appeal is subject to all the provisions of law, including sec. 269.25, Stats., relating to actions originally brought in that court, and application of the statute does not deprive appellants of any constitutional rights.

*By the Court.*—Judgments affirmed.