TAYLOR, Appellant, v. STATE HIGHWAY COMMISSION and another, Respondents: ALSMEYER and another, Defendants.

*No. 131. Argued January 5, 1970.—Decided February 3, 1970.*
(Also reported in 173 N. W. 2d 707.)

The cause was submitted for the appellant on the briefs of *Edna E. Taylor* of Madison, *pro se,* and for the respondents on the brief of *Robert W. Warren,* attorney general, and *Richard E. Barrett* and *Benjamin Southwick,* assistant attorneys general.

ROBERT W. HANSEN, J.   The chronology of events in the record of this case raises the question, not whether the action should have been dismissed when it was, but why it was not dismissed earlier for the evident failure to diligently seek its trial and disposition.

The circuit court rested its dismissal of this action on three foundations: (1) Sec. 269.25, Stats.; [1] (2) sec.

---

[1] Sec. 269.25, Stats., provides: "The court may without notice dismiss any action or proceeding which is not brought to trial within five years after its commencement."

270.54;[2] and (3) the inherent authority of the court.[3] Any one would do. The circuit court judge clearly had the authority to dismiss this action on his own motion. It long has been the legislative, judicial and public policy in this state that court actions should not be permitted to slumber indefinitely;[4] that a plaintiff is under obligation to bring his action to trial within a reasonable time;[5] with dismissal the indicated penalty for the suitor who sleeps away his or her day in court.[6]

While court exercise of the power to dismiss for failure to prosecute is discretionary, a party claiming to be aggrieved by such court-ordered dismissal must clearly demonstrate an abuse of discretion before this court will reverse the trial court ruling.[7] To establish an abuse of discretion, the party claiming to be aggrieved must show a ". . . clear and justifiable excuse" for the de-

[2] Sec. 270.54, Stats., provides: ". . . The court may also dismiss the complaint, with costs, in favor of one or more defendants in case of unreasonable neglect on the part of the plaintiff . . . to proceed in the cause against the defendant or defendants served. . . ."

[3] ". . . It is considered well established that a court has the inherent power to resort to a dismissal of an action in the interest of orderly administration of justice. The general control of the judicial business before it is essential to the court if it is to function . . . Perhaps the greatest area of the exercise of the power is the failure to diligently prosecute a case . . . Such statutes do not exhaust the power or imply the court does not have the inherent power to fashion sanctions and penalties best calculated to aid the court in control of the judicial business before it. . . ." *Latham v. Casey & King Corp.* (1964), 23 Wis. 2d 311, 314, 315, 127 N. W. 2d 225; *See also Smith v. Carter* (1910), 141 Wis. 181, 122 N. W. 1035.

[4] *Fleming v. Ellison* (1905), 124 Wis. 36, 41, 102 N. W. 398.

[5] *Lowe v. Ring* (1913), 151 Wis. 664, 665, 139 N. W. 429.

[6] *Hine v. Grant* (1903), 119 Wis. 332, 335, 336, 96 N. W. 796.

[7] *Condon Wrapping Machine Co. v. Racine Engine & Machinery Co.* (1924), 183 Wis. 435, 198 N. W. 268; *Neuhaus v. Clark County* (1961), 14 Wis. 2d 222, 226, 111 N. W. 2d 180.

lay.[8] This the appellant has here failed to do. However, we will deal, briefly but separately, with the justifications for delay and defense asserted.

*Separate appeals.*

Appellant notes that the highway commission also filed an appeal from the county court award. The highway commission appealed on the ground the award was excessive. Appellant based her appeal on an alleged failure to consider loss of access rights involved in the condemnation. The two appeals must be considered separate actions, at least to the extent that the plaintiff or appellant in each is the party responsible for the movement of the case.

*Trial counsel.*

Appellant stresses difficulties had in retaining counsel, in getting counsel she did hire to act, and errors committed by her attorneys. There is a dispute as to how such attorneys were to be paid and whether they were in fact paid. Regardless of that, the onus for delay is not to be completely shifted to retained counsel unless the litigant has been diligent in urging the prosecution of the case and the delay results almost entirely from the neglect or oversight of counsel.[9] Such litigant diligence is not to be found in this record.

*Separate action.*

Appellant argues that, at the hearing on December 27, 1966, court and counsel agreed that this case be delayed until an inverse condemnation brought by appellant con-

[8] *Condon Wrapping Machine Co. v. Racine Engine & Machinery Co., supra; see also Wills v. Shepard* (1924), 184 Wis. 26, 198 N. W. 618.

[9] 24 Am. Jur. 2d, *Dismissal, Discontinuance and Nonsuit,* p. 60, sec. 68; *see also Wills v. Shepard, supra; Northwestern Malleable Iron Co. v. McMahon* (1936), 222 Wis. 653, 269 N. W. 653.

cerning the same property was decided. Such other action was dismissed on September 29, 1967. The claim of amnesty at the December hearing, a wiping the slate clean, is negated by the court then directing that the action ". . . should be brought to trial during April, 1967 term. . ." Permitting the other action to slumber is not a complete defense to permitting this action to sleep equally undisturbed.[10]

*Inadequate notice.*

Appellant complains that the notice of hearing on dismissal mentioned sec. 270.54, Stats., but failed to mention sec. 269.25 or the inherent power of the court. This was a second hearing on a motion to dismiss. Plaintiff clearly was on notice to present justification for the evident delay in proceeding. Such excuses for delay would be no different under the two statutes involved or under inherent authority. All excuses for delay could be presented at the hearing, and in fact a great number were.

*Other reasons.*

As to all reasons advanced before the circuit court, and presented on appeal, we do not find any, nor all of them lumped together, sufficient to justify finding that the circuit court exceeded the limits of judicial discretion in dismissing this action. Rather the record supports the finding of the circuit court that: "No excuse is given for failure to bring the case to trial except the preoccupation of Mrs. Taylor with other matters." Giving full weight to all excuses for delay presented, they

[10] ". . . That another action was pending involving the same premises to which plaintiff herein was a party defendant and wherein it might have foreclosed its lien does not excuse the plaintiff for failure to press this action, especially when that action was also permitted to slumber for over eight years. . . ." *Wisconsin Lumber & Supply Co. v. Dahl* (1934), 214 Wis. 137, 140, 252 N. W. 714.

do not add up to an explanation or justification for a delay of over nine years in bringing this action to trial.

*Right to trial.*

Appellant contends that dismissal of this action for failure to prosecute makes the condemnor the final authority on whether or not property should be taken and the value thereof. The claim is that the statutes involved, or exercise of inherent authority by the court to dismiss, violate art. I, sec. 13 of the Wisconsin Constitution.[11] Such claim to constitutional insulation of a condemnation action against dismissal for failure to prosecute has been raised before, and negatived.[12] The responsibility for the dismissal here is on the shoulders of the plaintiff-appellant. The result derives from her inaction, and there is no constitutionally protected right to thus fail to proceed.

With the circuit court order for dismissal of the action, herewith affirmed, certain corollary matters remain to be disposed of. Appellant objects to that portion of the dismissal order that allows interest to run from June 4, 1956, rather than from the date of the award, May 23, 1956. The respondent contends sec. 32.05 (10) (b), Stats., controls, providing interest is not to run until fourteen days after the taking, here claimed to be

[11] "The property of no person shall be taken for public use without just compensation therefor." Art. I, sec. 13, Wisconsin Constitution.

[12] "Sec. 13, art. I, Wisconsin Constitution, requires that compensation be paid to the owner of property taken for public use. The procedure to be followed for the recovery of such compensation must be that which the law directs. . . Seeking additional compensation, they appealed the award to the circuit court. As pointed out above, such an appeal is subject to all the provisions of law, including sec. 269.25, Stats., relating to actions originally brought in that court, and application of the statute does not deprive appellants of any constitutional rights." *Neuhaus v. Clark County* (1961), 14 Wis. 2d 222, 229, 111 N. W. 2d 180.

the date of the award. However, this section was not enacted until 1959 and appears to relate only to appeals from awards of commissioners made under sec. 32.05 (10). Interest here should run from the date of the award and the order is modified to so provide.

Appellant submits that it was error for the court here to order the deposit in escrow with the clerk of circuit court of the amount of the increased appraisal, and interest should be allowed on the amount deposited. The reason for the escrow deposit was the court's belief that third parties might have an interest in the moneys involved in this case, and the deposit in escrow would aid the court in deciding any such controversies. With two former mortgagees named as parties to the suit, and a lien claim being asserted by a former attorney of appellant, the action of the trial court was prudent, and certainly well within the realm of court discretion.

Appellant contends that costs should have been awarded to her, contending that she is the prevailing party in the lawsuit by reason of the county court award to her. Sec. 32.11 (1), Stats. 1957, provides that costs shall be allowed to the successful party on the appeal. Appellant's appeal being dismissed for want of prosecution by her, she does not qualify as a party prevailing on the appeal. Appellant is not entitled to costs.

*By the Court.*—Order modified to provide that interest run from May 23, 1956, and, as modified, affirmed.