COURT OF APPEALS
DECISION
DATED AND FILED

April 22, 2025

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2025AP177**

STATE OF WISCONSIN

Cir. Ct. No. 2023TP33

IN COURT OF APPEALS
DISTRICT I

IN RE THE TERMINATION OF PARENTAL RIGHTS TO P.L.W., JR., A PERSON UNDER THE AGE OF 18:

STATE OF WISCONSIN,

PETITIONER-RESPONDENT,

V.

A.L.,

RESPONDENT-APPELLANT.

APPEAL from an order of the circuit court for Milwaukee County: JOSEPH R. WALL, Judge. *Affirmed*.

¶1    GEENEN, J.[1] Allie appeals from the circuit court's order terminating her parental rights to her son, Patrick.[2]    Allie argues the court erroneously exercised its discretion when it entered a default judgment against her for her failure to appear in court on the trial date.  She asserts that a single missed court appearance is not sufficiently egregious to warrant a default judgment and that the court relied on its own misstatements of the facts.  We disagree, and for the following reasons, we affirm.

## BACKGROUND

¶2    Patrick was born in September of 2015.  Several months after his birth, Patrick was found to be in need of protection or services stemming from domestic violence involving Allie and her significant other.  The circuit court ordered that Patrick be placed outside of Allie's care and that Allie complete the services referred by the Division of Milwaukee Child Protective Services to help her fulfill the requisite conditions for Patrick's return to her care.

¶3    On March 3, 2023, the State filed a petition to terminate Allie's parental rights to Patrick.[3]  The petition alleged that grounds to terminate Allie's parental rights existed because Patrick remained a child in need of continuing protection or services under WIS. STAT. § 48.415(2), and Allie failed to assume parental responsibility pursuant to § 48.415(6).

_____

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(e) (2023-24). All references to the Wisconsin Statutes are to the 2023-24 version unless otherwise noted.

[2] For ease of reading, we refer to the family in this confidential matter using pseudonyms.  *See* WIS. STAT. RULE 809.19(1)(g).

[3] The State also sought to terminate the rights of Patrick's unknown father.  The father's rights are not at issue on this appeal.

¶4       At the hearing on the petition, the circuit court "order[ed] [Allie] to appear at that next date and then at all future dates," and warned her that if she missed a court date "[she] could be defaulted[.]"  The hearing was then adjourned to allow Allie to retain counsel.  At the adjourned hearing date, the court reiterated that Allie must appear at all court hearings or risk a default judgment; the hearing was again adjourned because Allie had not yet obtained counsel.  At the final adjourned hearing on the petition, Allie appeared with her attorney, contested the petition, and requested a jury trial.  The court scheduled a jury trial for July 24, 2023,[4] and again informed Allie that she must attend all future court hearings.

¶5       Allie and her attorney appeared at the final pre-trial hearing on July 5, 2023, during which the circuit court reviewed the permanency plan. Towards the end of the hearing the court stated that it "expect[ed] everybody to be fully prepared and ready to try this case in 19 days."  In response to the State's and the GAL's scheduling questions the court confirmed that the jury trial would be in-person with an in-person "check-in" at 9:00 a.m.

¶6       On the day of the jury trial Allie failed to appear at the jury status hearing.  Her attorney informed the circuit court that he had "no knowledge of her whereabouts."  The circuit court emphasized that it was 10:40 a.m. and "she was ordered to appear for today at 9:30 in person."  The court noted that Allie appeared at previous court dates, "[s]o she was told about today's date … and everybody

_____

[4] The Wisconsin's Consolidated Court Automation Programs (CCAP) entry notes that, at the final adjourned hearing on the petition, an in-person hearing was scheduled at 9:00 a.m., a jury status hearing was scheduled at 9:30 a.m., and the jury trial was scheduled for 1:30 p.m. all on July 24, 2023.  *See **Kirk v. Credit Acceptance Corp.***, 2013 WI App 32, ¶5 n.1, 346 Wis. 2d 635, 829 N.W.2d 522 (describing CCAP as an "online website [which] reflects information entered by court staff" that is relied upon by courts, litigants, and attorneys).  We may take judicial notice of CCAP records.  *Id.*

was advised of today's jury trial date, in-person status at 9 or 9:30." The State then moved to sanction Allie for her failure to appear as ordered by striking her contest posture and allowing the State to present "prove-up" testimony to support the alleged grounds for termination. Allie's attorney did not object, and the court granted the State's motion.

¶7 The circuit court found Allie's failure to appear egregious. It noted that "she was to be here at 9. It's 11:30 now. She's two and a half hours late, 'late' meaning she still hasn't shown up." The court further explained that rescheduling the case for another trial date would cause a lengthy delay given scheduling limitations, likely three-to-five months, which the court reasoned would violate the letter and the spirit of Wisconsin's children's code, which prioritizes providing permanence and stability for children in a timely manner and reaffirms a parent's duty to support their children during the period of removal from the parent's custody. *See* WIS. STAT. § 48.01(1)(a), (gg), (gr),(gt).

¶8 The hearing proceeded in Allie's absence and the State presented its evidence that grounds existed to terminate Allie's parental rights. Based on the State's evidence, the circuit court found that the State had proven both alleged grounds for termination by clear and convincing evidence, and found Allie unfit pursuant to WIS. STAT. § 48.424(4).

¶9 Two days later, the court held another hearing in the case. Allie and her attorney appeared and, though no formal motion was made, the court considered whether to vacate the default judgment. Her attorney told the court that on the day of the trial, Allie had contacted him around lunch time and told him that "she was unaware" of the trial date and asked him to withdraw as her attorney. The court responded that it had given Allie notice of the trial date at the

4

adjourned hearing on the petition and at the final pre-trial hearing. The court then asked Allie directly why she failed to show up. Allie answered that she was focusing on her work and said that she had struggled to schedule a time to meet with her attorney. The court again asked Allie why she did not show up to court on the trial date. Allie explained:

> Monday morning, I totally forgot, and I didn't even get the Zoom information to join. I didn't catch the time at the time and it was on the 5th. This is all the way on the 24th. I have to work hard to stay—to try to focus on getting [Patrick] back.
>
> I'm beyond overwhelmed and stressed. I've been dealing with so many case workers that's been leading me the wrong way, and I have a new attorney that's not helping me with nothing. I'm overwhelmed. I'm a parent that cares.… I care, and for me to not have an understanding of what's going on or why he's been tooken [sic] from me, I'm overwhelmed.

Allie reiterated that she was overwhelmed, that her attorney is "nothing," and that her case workers "have not been doing their job."

¶10 For clarification, the circuit court asked Allie a third time why she did not attend the trial. Allie simply stated that "I'm overwhelmed. I have a lot going on with myself. I can't keep up with everything… I'm tired of all this now." The court questioned "overwhelmed with? And that's it. Well, I was trying to get to the bottom of these issues."[5]

¶11 After this exchange the State argued that vacating the default finding would be "incredibly detrimental" to Patrick and that Allie's behavior was

---

[5] We note that Allie appeared over Zoom and had been muted by this point in the hearing for continuing to interrupt the judge, despite receiving prior warnings that interrupting and talking over the judge would result in being muted.

egregious because "[e]veryone was there, witnesses were subpoenaed, and we were ready to try the case.... And we had a jury." The GAL agreed with the State and added that Allie's explanations were inconsistent and did not constitute good cause to vacate the default finding. Allie's attorney did not directly address the default finding but discussed how his attorney-client relationship had broken down with Allie because it became difficult to communicate with her leading up to the trial date due to her "yelling and screaming." He also discussed how he had scheduled three separate meetings with her to prepare for the trial and she had cancelled each due to job interviews and subsequently never reached out to him with a time that worked for her.

¶12    After hearing from all the parties, the court allowed Allie's attorney to withdraw and ordered Allie to contact the public defender's office to obtain a different attorney for the remainder of the proceedings. Additionally, the court agreed with the State and the GAL and declined to vacate the default judgment. It explained that it "did not hear any excuse for missing the … jury trial, other than she's overwhelmed." The court indicated that it trusted that "she's overwhelmed, but regardless, without any detail or … any excuse at all," the court was "going to continue with the previous finding, striking [Allie's] contest posture[.]"

¶13    The case proceeded to the second phase of the termination procedure, disposition. At the conclusion of the hearings, the circuit court considered the evidence presented in light of the required statutory factors, *see*

WIS. STAT. § 48.426,[6] and found that the termination of Allie's parental rights was in Patrick's best interests.

¶14    Allie appeals.

## DISCUSSION

¶15    Allie argues the circuit court erroneously exercised its discretion when it entered a default judgment against her when she failed to appear on the trial date. The State and the GAL argue that WIS. STAT. § 806.02(5)[7]—which allows for the court to render default judgments against parties who fail to appear at trial—controls and justifies the court's order. We disagree with the State and the GAL on this point. Section 806.02(5) is inapplicable here because, although Allie did not appear personally as ordered, she still appeared via her counsel. *See Evelyn C. R. v. Tykila S.*, 2001 WI 110, ¶17, 246 Wis. 2d 1, 629 N.W.2d 768.

¶16    "Nevertheless, a circuit court has both inherent authority and statutory authority under WIS. STAT. §§ 802.10(7), 804.12(2)(a), and 805.03 to sanction parties for failing to obey court orders" to appear in person by entering default judgments against them. *Id.* (footnotes omitted). A circuit court is limited to imposing "just" sanctions; therefore, a default judgment may only be entered if

---

[6] To determine what disposition is in the best interests of the child, the circuit court must consider the following the factors: (a) "[t]he likelihood of the child's adoption after termination"; (b) the child's age and health; (c) whether the child has any substantial relationships with their family and "whether it would be harmful to the child to sever these relationships"; (d) the child's wishes; (e) "[t]he duration of the separation of the parent from the child"; and (f) "[w]hether the child will be able to enter into a more stable and permanent family relationship as a result of the termination[.]" WIS. STAT. § 48.426(3).

[7] WISCONSIN STAT. § 806.02(5) provides: "[a] default judgment may be rendered against any party who has appeared in the action but who fails to appear at trial. If proof of any fact is necessary for the court to render judgment, the court shall receive the proof."

the court finds the non-complying party acted "egregiously" or in "bad faith." Sec. 805.03; *Industrial Roofing Servs., Inc. v. Marquardt*, 2007 WI 19, ¶43, 299 Wis. 2d 81, 726 N.W.2d 898.

¶17    "Egregious conduct means a conscious attempt to affect the outcome of litigation or a flagrant, knowing disregard of the judicial process." *Morrison v. Rankin*, 2007 WI App 186, ¶20, 305 Wis. 2d 240, 738 N.W.2d 588.  A party's conduct is egregious if it is "extraordinary in some bad way; glaring, [or] flagrant[.]"  *Sentry Ins. v. Davis*, 2001 WI App 203, ¶21 n.8, 247 Wis. 2d 501, 634 N.W.2d 553 (citation omitted).  "Where a circuit court concludes that a party's failure to follow court orders, though unintentional, is 'so extreme, substantial and persistent' that the conduct may be considered egregious, the circuit court may make a finding of egregiousness." *Dane Cnty. DHS v. Mable K.*, 2013 WI 28, ¶70, 346 Wis. 2d 396, 828 N.W.2d 198 (citation omitted).

¶18    "The decision to impose sanctions and the decision of which sanctions to impose … are within a circuit court's discretion." *Industrial Roofing*, 299 Wis. 2d 81, ¶41.  We review the court's decision to impose a default judgment as a sanction for an erroneous exercise of discretion.  *Mable K.*, 346 Wis. 2d 396, ¶¶38-39.  Under this deferential standard we will sustain the court's decision so long as it properly exercised its discretion.  *Industrial Roofing*, 299 Wis. 2d 81, ¶41.  "A circuit court properly exercises its discretion when it examines the relevant facts, applies a proper standard of law, and using a demonstrated rational process reaches a conclusion that a reasonable judge could reach."  *Mable K.*, 346 Wis. 2d 396, ¶39.  "We will search the record for reasons to sustain the [circuit] court's exercise of discretion."  *Lofthus v. Lofthus*, 2004 WI App 65, ¶21, 270 Wis. 2d 515, 678 N.W.2d 393.

¶19 A circuit court erroneously exercises its discretion if the non-complying party establishes a clear and justifiable excuse for the delay caused by its conduct. *Taylor v. State Highway Comm'n*, 45 Wis. 2d 490, 494, 173 N.W.2d 707 (1970). Therefore, we must examine whether the court rendered the default judgment in accordance with the law upon a reasonable determination of the facts in the record and in the absence of a clear and justifiable excuse.

¶20 Allie argues that a single missed court appearance cannot be sufficiently extreme, substantial, and persistent to qualify as the egregious conduct necessary to support a default judgment. For support, she cites to *State v. C.D.*, No. 2023AP1025, unpublished slip op., ¶16 (WI App Aug. 29, 2023),[8] in which this court stated that "[a] single missed appearance for a pre-trial hearing does not rise to the level of egregious conduct." C.D. failed to attend the adjourned hearing on the State's petition to terminate her parental rights, and the circuit court failed to make a finding that C.D.'s behavior was egregious or in bad faith before entering default judgment against her. *Id.*, ¶¶5-6. Here, like C.D., Allie missed a single court appearance; however, C.D. failed to attend a hearing on the petition, while Allie failed to appear in court on the trial date. Also unlike in *C.D.*, where the circuit court failed to make a finding that C.D. acted egregiously or in bad faith, the court here found that Allie's conduct was egregious, and then declined to vacate the default only after specifically inquiring about her reasons for not appearing. We therefore do not find *C.D.* persuasive.

---

[8] "[A]n unpublished opinion issued on or after July 1, 2009, that is authored … by a single judge under [WIS. STAT. §] 752.31(2) may be cited for its persuasive value…. Because an unpublished opinion cited for its persuasive value is not precedent, it is not binding on any court of this state." WIS. STAT. RULE 809.23(3).

¶21     This court has noted that egregious conduct does not always have to be persistent and can be limited to a single event. *Morrison*, 305 Wis. 2d 240, ¶25 ("We did not hold that in order to be egregious, conduct must always be persistent."). We have previously upheld default judgments in termination of parental rights proceedings based solely on a party's failure to appear at the grounds trial despite appearing at previous pre-trial hearings. *See State v. Laura M.*, Nos. 2011AP2825, 2011AP2826, 2011AP2827, and 2011AP2828, unpublished slip op. ¶¶29, 32, 38 (WI App March 27, 2012).

¶22     Allie also argues that there is no basis to claim that she failed to appear at the trial as ordered because she only failed to appear at a jury status hearing. We disagree. The circuit court ordered Allie to appear at all scheduled court dates and warned her multiple times that a failure to appear in person could result in a default judgment entered against her. Allie was informed of a "check-in" at 9:00 a.m. on the trial date. By 11:36 a.m. the court had found Allie in default and Allie had still not appeared in court or contacted her attorney to explain her absence. Her failure to appear without notice, despite a court order, at the hearing immediately preceding the trial had a similar effect on the proceedings as not appearing at trial would. The circuit court was not required to start the trial without her present in order to find that she failed to appear for it. Furthermore, the record indicates that Allie never appeared in court, either virtually or in-person, at any point on the day of the trial.

¶23     The circuit court also discussed the impact of Allie's failure to appear on judicial efficiency. The court explained that if it were to reschedule the trial instead of finding Allie in default, the first available trial date would not be for another three-to-five months  The court went on to describe how such a delay is contrary to the purposes of the children's code to "eliminat[e] the need for

children to wait unreasonable periods of time" so that they do not "remain in the impermanence of foster care," and "to allow for the termination of parental rights at the earliest possible time after rehabilitation and reunification efforts are discontinued[.]" *See* WIS. STAT. § 48.01(1)(a), (gr), (gt).

¶24     Allie also argues the circuit court erred because it misstated the facts it relied on to find her conduct egregious.  Specifically, Allie maintains that she was never informed of the time of the trial and was never ordered to appear in person.  The record does not support Allie's claims.[9]  At the first hearing on the petition, the circuit court was clear that it was "ordering [Allie] to appear at that next date and then at all future dates," and repeated its warnings at subsequent hearings that Allie could be defaulted on if she failed to appear at any scheduled court date.  Allie was first told that the jury trial was scheduled for July 24, 2023, at the adjourned hearing on the petition on May 23, 2023.  At the final pre-trial hearing on July 5, 2023, the court reiterated the trial date by stating "[w]e have a jury trial coming up in 19 days," and confirmed that the trial would be in-person with an in-person "check-in" at 9:00 a.m. in response to the State's and the GAL's scheduling questions.

¶25     Allie never clearly informed the circuit court that her non-appearance was because she was not informed of the time of the trial.  *See Industrial Roofing*, 299 Wis. 2d 81, ¶43.   Instead, Allie offered multiple inconsistent excuses for why she did not attend.  Allie's attorney informed the

---

[9] We also note that Allie's attorney was present on the trial date and did not object to the State's motion for default or to the circuit court's statements that Allie "was ordered to appear for today at 9:30 in person," and "everybody was advised of today's jury trial date, in-person status at 9 or 9:30."

court at the subsequent hearing that "[Allie] contacted me, I want to say, right at lunch [on the trial date], right around that time, and she said she was unaware of this court date." The court also asked Allie why she did not appear for the trial despite receiving "notice at least two separate times." She did not dispute that she was notified and instead stated that (1) she was busy focusing on work and struggled to meet with her attorney; (2) she "totally forgot"; (3) she did not receive the Zoom information to join; (4) she did not "catch the time" and suggested that the time between receiving the trial information at the final pre-trial hearing earlier in the month was too far away from the trial date to keep track of; and (5) she was "beyond overwhelmed and stressed" because neither her case workers nor her attorney have helped her.[10]

¶26    When the court asked Allie a final time, "Why didn't you show up for the trial this past Monday morning? What happened?" Allie simply responded that she did not appear because she was overwhelmed. These excuses are not sufficiently clear or justifiable to warrant a delay in the proceedings. *See Trispel v. Haefer*, 89 Wis. 2d 725, 733, 279 N.W.2d 242 (1979). Therefore, we conclude that the circuit court relied on the relevant facts and the proper standard of law in concluding that Allie's failure to appear on the trial date was egregious and without a clear and justifiable excuse.

## CONCLUSION

¶27    After reviewing the record, we conclude that the circuit court did not erroneously exercise its discretion when it found Allie in default for failing to

---

[10] We note that nothing in the record suggests that Allie pursued a claim of ineffective assistance of trial counsel or made any formal complaints about her case workers.

appear in court, as ordered, on the trial date. The circuit court examined the relevant facts, applied the proper standard of law and, using a demonstrated rational process, reached a conclusion that a reasonable judge could reach. *See Mable K.*, 346 Wis. 2d 396, ¶39. Accordingly, we affirm.

*By the Court.*—Order affirmed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.