FORD, Respondent, vs. JAMES, Appellant.

*February 8—March 6, 1951.*

For the appellant there were briefs by *Fisher & Fisher* of Janesville, and oral argument by *Cleland P. Fisher*.

*Robert J. Cunningham,* city attorney of Janesville, for the respondent.

BROADFOOT, J. The sole question for determination is whether or not the court abused its discretion in dismissing the appeal.

This appeal was taken under the provisions of sec. 62.13 (5) (h), Stats., which reads as follows:

"Any person suspended, reduced, suspended and reduced, or removed after investigation may appeal from the order to the circuit court by serving written notice thereof on the secretary of the board within ten days after the order is filed. Within five days thereafter the board shall certify to the clerk of the circuit court the record of the proceedings, including all documents, testimony, and minutes. The action shall then be at issue and shall have precedence over any other cause of a different nature pending in said court, which shall always be open to the trial thereof. The court shall upon application of the accused or of the board fix a date of trial, which shall not be later than fifteen days after such application except by agreement. The trial shall be by the court and upon the return of the board, except that the court may require further

return or the taking and return of further evidence by the board. The question to be determined by the court shall be: Upon the evidence was the order of the board reasonable? No costs shall be allowed either party and the clerk's fees shall be paid by the city. If the order of the board is reversed, the accused shall be forthwith reinstated and entitled to his pay as though in continuous service. If the order of the board is sustained it shall be final and conclusive."

Counsel for respondent argues that the trial court is given very broad discretion in the matter of dismissing cases for want of prosecution; that this case involves a special type of appeal; that the legislature has indicated that appeals under the above section of the statutes shall be disposed of without delay; and that James did not make the application provided for in said section.

It is true that the legislature has indicated that appeals under said section shall be disposed of without delay. It provided that said actions shall have precedence over any other cause of a different nature pending in said court, and it further provided that upon application by the accused or the board the court shall fix a date of trial not later than fifteen days after the application. The statute does not require that the application be in writing. Some portion of the delay was due to the oral stipulation, but the record shows that after the disposition of the other cases, the attorneys for the appellant requested the court at various times to fix a date of trial. Under the circumstances in this case it is clear that sufficient application was made to two separate judges of said court, and it was no fault of the appellant that the case was not set for trial as contemplated by the statutes. The dismissal of the action was an abuse of discretion by the trial court. The appellant is entitled to his day in court.

*By the Court.*—The judgment and order appealed from are reversed and cause remanded with directions to vacate the same and to fix a date for trial of this action as provided by law.