LAWRENCE and wife, Appellants, v. MACINTYRE and wife, Respondents.

MACINTYRE, Respondent, v. FRANK and wife, Appellants.

*Nos. 193, 194. Argued October 7, 1970.—Decided November 3, 1970.*
(Also reported in 180 N. W. 2d 538.)

552

For the appellants there was a brief by *Conway & Conway* of Baraboo, and oral argument by *Vaughn S. Conway.*

For the respondents there was a brief and oral argument by *Thomas T. George* of Madison.

HEFFERNAN, J.   It should be noted at the outset that the Franks have appealed from the order dismissing the plaintiff's complaint, an order in their favor. They are not parties "aggrieved," as set forth in sec. 274.10, Stats. In *Estate of Bryngelson* (1941), 237 Wis. 7, 11, 296 N. W. 63, this court stated, "We think it elementary that a party may not appeal from a judgment in his favor." The erroneously brought appeal is dismissed.

The case of *Lawrence v. MacIntyre* had been pending for more than five years from its commencement when it was dismissed by Acting Circuit Judge CHARLES E. KADING.

Sec. 269.25, Stats., provides, "The court may without notice dismiss any action or proceeding which is not

brought to trial within five years after its commencement." [1]

We have frequently stated that a dismissal after five years is not mandatory but rests in the sound discretion of the trial judge. *Pereles v. Christensen* (1916), 164 Wis. 163, 159 N. W. 817; *Taylor v. State Highway Comm.* (1970), 45 Wis. 2d 490, 173 N. W. 2d 707. We will upset a dismissal based on delay in prosecution only when there is a clear abuse of judicial discretion. We find no such abuse of judicial discretion herein. Plaintiffs in *Lawrence v. MacIntyre* claim that their delay in prosecuting their action was excusable since their attorney was ill for at least a portion of the time. This is undoubtedly true. The opinion of the trial judge indicates that he took the illness of Attorney Conway into consideration as a basis for exercising his discretion. He concluded that the illness of the attorney was not a sufficient excuse for the plaintiffs' delay. There was evidence of the exercise of proper judicial discretion in reaching the conclusion that the action should be dismissed. Moreover, our own examination of the record indicates that Attorney Conway recovered approximately a year and one-half before the trial judge dismissed the action.

Appellants make much of the fact that several months prior to the date of dismissal Judge KADING, in a letter to the chairman of the circuit judges for Dane county, stated:

"Please do not stir up these hornets. I am content to wait about 10 months at which time both cases can be dismissed under sec. 269.25."

Plaintiffs apparently contend that this letter evidences an abuse of discretion. We cannot agree. Rather,

---

[1] Sec. 269.25, Stats., has been amended to read:

"The court may with notice dismiss any action or proceeding which is not brought to trial within 4 years after its commencement." Ch. 269, Laws of 1969.

it indicates that, even ten months prior to the statutory five-year period, Judge KADING had become convinced that the orderly administration of justice would be furthered by the dismissal of these cases. While the judge's action may evince a deliberate intention to chop deadwood from the calendar at the earliest opportunity, it does not evince an abuse of discretion. Rather, it evinces the exercise of discretion to ensure the prompt disposition of cases. Judge KADING could, of course, have dismissed the cases earlier than the running of the five-year period. In *Taylor v. State Highway Comm.*, *supra,* page 494, footnote 3, we quoted with approval from *Latham v. Casey & King Corp.* (1964), 23 Wis. 2d 311, 314, 315, 127 N. W. 2d 225, the statement:

"It is considered well established that a court has the inherent power to resort to a dismissal of an action in the interest of orderly administration of justice."

We are satisfied that Judge KADING, in the exercise of proper discretion, had the inherent authority, even on the date of the letter, to dismiss the actions for want of prosecution. Instead of acting then, as well he might have, he chose to refrain from the exercise of his inherent power and relied on the operation of sec. 269.25, Stats., which provides that the dismissal may be "without notice."

A trial judge need not wait out the five-year period [2] set by sec. 269.25, Stats., before ordering a dismissal, if it appears to him that the parties to a lawsuit have been unduly dilatory or have failed to use reasonable diligence in bringing their suits to trial. He may act at an earlier date if the exercise of sound discretion impels such action. He may not, however, should he act earlier, rely on the present statutory authority to omit the giving of notice. Under the statute as it stood heretofore, no notice was required after the running of the five-year

---

[2] Now four years, pursuant to ch. 269, Laws of 1969.

period. Under the new statute, ch. 269, Laws of 1969, we consider that sound judicial policy will require the giving of notice in all cases irrespective of whether the dismissal is pursuant to the statute after the running of the four-year period or prior thereto in the exercise of the court's inherent power.

Courts are glutted with stale lawsuits, and the responsibility of an attorney to his client, as well as to the judicial system, requires that counsel be ready for trial in a reasonable time. One of the principal causes for delay in the trial courts is the failure of counsel to be in readiness when his case is called for trial or his lack of vigor in moving his case to the trial stage. We conclude that it is within the inherent power of the court to dismiss cases without regard to the statutory limits of sec. 269.25, Stats., at any time it appears to the judge, in the exercise of his discretion, there has been undue delay or inexcusable neglect in advancing the case.

A judicial policy of sua sponte dismissing neglected and delayed cases is necessary for the viability of the judicial system. The responsibility of advancing a case on the calendar and preparing it for trial is upon the plaintiff's lawyer. It is not the responsibility of the judge. The judge's responsibility is to properly try cases that are ready for trial. He has the corollary and related responsibility of dismissing stale cases which clog judicial calendars.

We are satisfied that the dismissal in the present case was in the exercise of proper judicial discretion. It is the policy of this court to encourage the discretionary dismissal of stale lawsuits.

*By the Court.*—Appeal in *MacIntyre v. Frank* is dismissed; order in *Lawrence v. MacIntyre* is affirmed. Inasmuch as respondent's brief does not conform to Rule 251.39 of this court, no costs are allowed.