ZEIS, Appellant, v. FRUEHAUF CORPORATION, Respondent.

*No. 153.   Submitted November 2, 1972.—Decided November 28, 1972.*
(Also reported in 202 N. W. 2d 225.)

---

[3] *Zimmer v. Daun* (1968), 40 Wis. 2d 627, 162 N. W. 2d 626; *Cadden v. Milwaukee County* (1969), 44 Wis. 2d 341, 171 N. W. 2d 360.

For the appellant the cause was submitted on the brief of *Charlton, Yanisch, Greco & Roffa* of Milwaukee.

For the respondent the cause was submitted on the brief of *Gibbs, Roper & Fifield,* attorneys, and *Charles A. Kranz* and *Clay R. Williams* of counsel, all of Milwaukee.

HEFFERNAN, J. The trial court's order for dismissal came more than five years after the action was commenced by the service of the summons and complaint. Sec. 269.25, Stats., provides that:

"**Dismissal for delay.** The court may with notice dismiss any action or proceeding which is not brought to trial within 4 years after its commencement."

Sec. 270.54, Stats., also confers dismissal power upon trial courts. That statute provides in part:

"The court may also dismiss the complaint, with costs, in favor of one or more defendants in case of unreasonable neglect on the part of the plaintiff to serve the summons on other defendants or to proceed in the cause against the defendant or defendants served."

We stated in *Lawrence v. MacIntyre* (1970), 48 Wis. 2d 550, 555, 180 N. W. 2d 538, and *Latham v. Casey & King Corp.* (1964), 23 Wis. 2d 311, 314, 127 N. W. 2d 225, that a trial court has the inherent power, quite aside from any of the time limits prescribed in the statutes, to dismiss an action for the failure to prosecute.

In any event, whether the order of the trial judge is based on statute or on the inherent power of the court, the motion to dismiss for want of prosecution is addressed to the sound discretion of the trial court and will be affirmed unless it is clearly shown that there was an abuse of discretion. *Lawrence v. MacIntyre, supra,* page 554; *Taylor v. State Highway Comm.* (1970), 45 Wis. 2d 490, 494, 173 N. W. 2d 707. An appellant who seeks to set aside such an order must show a " 'clear and justifiable excuse' for the delay." *Taylor, supra,* page 494; *Lawrence, supra,* page 554; *Gawin v. Redevelopment Authority of Milwaukee* (1971), 52 Wis. 2d 380, 385, 190 N. W. 2d 201; *Condon Wrapping Machine Co. v. Racine Engine & Machinery Co.* (1924), 183 Wis. 435, 436, 198 N. W. 268.

In this case the trial judge pointed out that, although a notice of trial was served upon defendant's counsel early in 1967, no other affirmative action was taken to move the case to the trial stage. In exercising his discretion to dismiss, the trial judge referred to secs. 269.25 and 270.54, Stats., and the rationale set forth in *Lawrence v. MacIntyre.* The plaintiff, at the time the motion was heard, offered no reason for his failure to take action to advance his case to trial. The record is barren of any suggestion that plaintiff even relied upon the filing of a notice of trial as justification for the delay in prosecuting his case. Under these circumstances, where no justification for the delay was shown, it would have been an abuse of discretion to fail to dismiss the action.

On this appeal, however, the plaintiff takes the position that, as a matter of law, he had done all that was necessary to advance the case to trial. He contends that, by the filing of a notice of trial, he fulfilled his duty in advancing the case and that thereafter the burden of finally disposing of the action devolved upon the court and its clerk. He cites sec. 270.12 (1), Stats.: "When the notice of trial is filed with the clerk he shall place issues on the calendar . . . ." The same argument was posed and rejected in *Wisconsin Lumber & Supply Co. v. Dahl* (1934), 214 Wis. 137, 252 N. W. 714. In that case, the plaintiff had given notice of trial and also on several occasions visited the clerk's office and requested the case be set for trial. Although sec. 270.12 (1), Stats. 1933, read, "The clerk shall prepare a calendar for each term of the circuit court of all actions . . . as shown by the notices filed," the court held that the plaintiff had not taken reasonable steps to advance his case. The court stated that it was not the duty of the clerk "to 'bring cases on' for trial."

The case of *Ford v. James* (1951), 258 Wis. 602, 46 N. W. 2d 859, does not alter the holding of *Wisconsin Lumber & Supply Co.*, for in *Ford* the court recited, at page 605, "[S]ufficient application was made to two separate judges of said court." The facts also indicate that the delay was caused in part by a stipulation of the parties to stay the action pending another lawsuit, by the substitution of attorneys, and by the election of a new judge. Nothing in *Ford v. James* can reasonably lead to the conclusion that an attorney has used due diligence in advancing his case to trial merely by serving and filing a notice of readiness for trial. Moreover, we recently pointed out in the case of *State v. Dickson* (1972), 53 Wis. 2d 532, 193 N. W. 2d 17, that the setting of a case for trial involved the exercise of judicial power and that

a clerk of court could not authorize calendaring of cases for trial.

Sec. 270.12 (1), Stats., gives to the clerk of court only the authority to list for administrative purposes cases in which issue had been joined and a notice of trial is filed. The limitations on the power of the clerk are emphasized by sec. 270.12 (2):

"ADVANCEMENT OF ISSUES. The court may, on motion of any party, or on its own motion, after hearing, place on the calendar or advance for trial any action which is at issue."

In this case it is apparent that the plaintiff failed to resort to the simple motion described in sec. 270.12 (2), Stats., which would have placed the case on the calendar or would have advanced it to trial in the discretion of the court.

Plaintiff's contention would lead to the conclusion that, once a notice of trial had been filed, a suitor could sit back and delay indefinitely before proceeding further and that many years later, when the issues had grown stale and witnesses had disappeared, could successfully resist an order dismissing his action. Public policy requires the dismissal of stale lawsuits which have not been adequately prosecuted. The filing of notice for trial in no way relieves a suitor of his obligation to take affirmative steps for the prompt resolution of lawsuits.

While we emphasize the duty of a trial attorney to take affirmative action, we pointed out in *Lawrence v. MacIntyre,* at page 556, that "A judicial policy of sua sponte dismissing neglected and delayed cases is necessary for the viability of the judicial system." Pursuant to this policy, the responsibility for the dismissal of neglected cases rests upon the trial court as well as upon the trial attorney. It is within his judicial power and it is his obligation to dismiss stale cases whether or not motions

for dismissal are brought before him. Whenever it appears that cases are not being prosecuted with due diligence, it is the obligation of the trial judge to serve notice upon the party upon whom the burden for prosecution rests to show cause why the action should not be dismissed. In the exercise of proper discretion and in accordance with the inherent power of a trial judge, such sua sponte motion may be made at any time that it, to him, appears appropriate, even though the four-year period set forth in sec. 269.25, Stats., has not elapsed.

In this case, the court properly and wisely exercised its discretion. The plaintiff made no showing of any excuse, justifiable in law or under the facts of this case, for the inordinate delay.

*By the Court.*—Order affirmed.