Dorothy A. SCHWAB, surviving spouse of Duane E. Schwab, deceased, Plaintiff-Appellant,

v.

BARIBEAU IMPLEMENT COMPANY, INC., International Harvester Company, and J.I. Case Company, Defendants-Respondents.

Court of Appeals

*No. 90-2076. Submitted on briefs February 11, 1991.—Decided April 16, 1991.*

(Also reported in 471 N.W.2d 244.)

On behalf of plaintiff-appellant, the cause was submitted on the briefs of *T. Gregory Amann* of *Amann & Associates* of Ellsworth, and *William E. Jepsen* of *Karon, Jepsen & Daly, P.A.* of St. Paul.

On behalf of defendants-respondents, the cause was submitted on the brief of *Webster A. Hart* of *Herrick, Hart, Duchemin, Danielson & Guettinger, S.C.* of Eau Claire.

Before Cane, P.J., LaRocque and Myse, JJ.

LaROCQUE, J.   Dorothy Schwab appeals a judgment dismissing her action against Baribeau Implement Company, International Harvester Company and J.I. Case Company for failure to prosecute pursuant to sec. 805.03, Stats. Schwab argues that the trial court abused its discretion by failing to grant her motions for continuance and dismissing the action. We affirm.

This action arises out of a farm accident in which Duane Schwab was killed while using an International Harvester tractor. Duane's widow, Dorothy, filed a products liability-wrongful death action on February 3, 1989.

At a pretrial conference on February 26, 1990, the court set a three-day trial to commence June 4, and

ordered that all discovery be completed by May 14. There was no objection to this scheduling order. Schwab initiated discovery by serving interrogatories and requests for production of documents on Case on April 6. Case served its response on Schwab on May 14.

At a status conference on April 11, the following exchange transpired between the trial court, Schwab's attorney, T. Gregory Amann, and Case's attorney, Webster Hart:

> THE COURT: Okay. Greg, that leaves you, and you are going to be primary trial counsel?
> MR. AMANN: Yes. I will be here, or somebody will be here in my stead. *But there won't be any problems with the scheduling.*
>
> . . ..
> THE COURT: *Do we have any discovery problems on the launching pad that I can take care of now?*
> MR. HART: The only thing is getting some depositions scheduled, and we will do that.
> THE COURT: Is that pretrial order still good to go?
> MR. HART: Yes.
> THE COURT: Nobody has any gripes?
> MR. AMANN: I don't think so, Judge. I think Web and I can work everything out. We always have in the past. (Emphasis added.)

At a final pretrial conference on May 14, 1990, counsel made comments that the trial court construed as an oral motion for a continuance:

> THE COURT: . . . The problem I have encountered now, and it does come as a complete surprise to the Court. Mr. Amann has told me that he does not wish to try the case, that he did not plan to try the

211

case, that a Mr. John Burke was set up to try the case. And now he has arointed.

. . ..

So now he has got problems about this date.

MR. AMANN: . . . Mr. Burke has indicated that he did not, not because of the merits of the case, but didn't feel disposed to try a products case because he doesn't have much experience in that area and asked Mr. Jepsen, who is experienced in products cases, to try the case.

I now understand in attempting to arrange depositions in this case, that Mr. Jepsen's partner, Stan Caron (ph), has had a heart attack and is recovering. But it has created such a volume of work that Mr. Jepsen does not know if he can properly prepare this case in the time that we have remaining.

In addition to that, there have been some Interrogatories and requests for production of documents that were sent out that were due a week or so ago. Discovery is intended to be open at least until today, and Mr. Hart and I have had discussions about continuing that through the middle of this month to try to get preparation done in time for trial. Those Interrogatories were in fact served on April 6th.

This was the first mention by Schwab of any problems with discovery. Schwab sought no sanctions or order to compel compliance. *See* sec. 804.12, Stats. Case responded to the court's inquiry of why there was a delay in responding to the interrogatories that it was not actually served until April 10, and therefore it believed the responses were not due until May 10, 1990; that the tractor was manufactured in 1952 in Chicago and all the requested information was not readily available; and that, although many questions in the interrogatories were vague and objectionable, a good faith effort to answer them was made.

212

The court then stated:

> I will take that as a motion for continuance and deny it on the basis that the plaintiff came to you, Mr. Amann, and secured your services. Number two, you did appear at the pretrial conference, and as such I think there is a direct if not—or an implied if not direct requirement that you stay abreast of the client's case. You sound conversant, frankly, with the case. And I understand that this comes as a bit of a surprise to you, but it doesn't seem to me in the slightest that you are overwhelmed by it, and I think there is sufficient time.
>
> You did mention incidentally, I think before we began the record, that you have a trial in Minnesota that's going to take up a week of your time. There is, though, until June 4th, there is time available, and I honestly think that given the difficulty in getting a block of time, three days is large, back on this calendar, it is just so difficult. I don't see that justice is going to be done. And if I did do it, you might yet again get stuck with the case. We have to come to grips with that, and *I haven't seen any prejudice.* (Emphasis added.)

On May 18, Schwab, by both attorneys Amann and Jepsen, brought a motion to obtain further answers to interrogatories and production of documents in order to obtain the name of someone responsible for making the decision on how to design the tractor seat and to obtain blueprints of predecessor tractor designs. Case responded that it did not have any records naming all of the people who contributed to the design, but the name of one such person, Henry Dalloz, was given to Schwab. The court ordered Case to search again for the requested information and quickly get it to Schwab or let her know if it was unavailable.

A discussion then occurred concerning a problem with scheduling depositions of experts. It was eventually agreed that the depositions of both parties' experts would occur on the same day so that there was no argument about who had to be first or if the information from one expert was not available to the other.

Apparently due to scheduling conflicts, the depositions never occurred. Schwab pointed this out to the court on May 31, as well as informing it that Jepsen was not available to try the case on the scheduled dates and stating that she was still not satisfied with the answers to certain interrogatories and that, without this information, she was not ready to try the case. The court denied Schwab's renewed motion for continuance, but attempted to remedy the discovery problems by ordering Case to produce a requested drawing of a tractor with a battery under the hood and to allow Schwab to depose Dalloz immediately prior to trial. Again Schwab sought no sanctions or order for compliance.

Following this hearing, Schwab informed the trial court that she had decided not to proceed with trial, but to seek an appeal instead to obtain the desired discovery. After a discussion about the form of the impending dismissal order, Schwab stated that she thought the case should be dismissed for want of prosecution. Consequently, when Schwab failed to appear at the scheduled trial, the court dismissed the case for failure to prosecute pursuant to sec. 805.03, Stats.[1]

---

[1]The July 11, 1990, order of dismissal stated that "[s]aid dismissal is on the merits unless, within 30 days . . . plaintiff submits affidavits sufficient to justify that the dismissal be without prejudice." The record contains no such affidavits. On August 7, 1990, judgment was entered dismissing Schwab's complaint.

Dismissal of a case for failure to prosecute is addressed to the sound discretion of the trial court, and we will affirm the court's action unless it is clearly shown that there was an abuse of discretion. *Zeis v. Fruehauf Corp.,* 56 Wis. 2d 486, 489, 202 N.W.2d 225, 226 (1972). The party seeking to set aside such a dismissal must show a "clear and justifiable excuse" for the delay in prosecution. *Taylor v. State Hwy. Comm'n,* 45 Wis. 2d 490, 494, 173 N.W.2d 707, 711 (1970). Although dismissal is a harsh sanction, it is appropriate "in cases of egregious conduct by a claimant," *Trispel v. Haefer,* 89 Wis. 2d 725, 732, 279 N.W.2d 242, 245 (1979) (quoting Wis. Stat. Ann. § 805.03 at 414 (1974)), in light of the " 'duty' of trial courts . . . to 'refuse their aid to those who negligently or abusively fail to prosecute the actions which they commence.' " *Trispel,* 89 Wis. 2d at 733, 279 N.W.2d at 245 (quoting *Smith v. Carter,* 141 Wis. 2d 181, 184, 122 N.W.2d 1035, 1036 (1910)).

Where the record shows that the trial court in fact exercised discretion and we can perceive a reasonable basis for the decision, we will not reverse a discretionary determination. *Howard v. Duersten,* 81 Wis. 2d 301, 305, 260 N.W.2d 274, 276 (1977). The trial court's decision to dismiss for failure to prosecute was based on the facts appearing in the record and in reliance on applicable law. *See Hartung v. Hartung,* 102 Wis. 2d 58, 66, 306 N.W.2d 16, 20 (1981). Accordingly, we uphold it.

Schwab argues that the trial court abused its discretion by failing to grant her motions for continuance where Case repeatedly failed to provide necessary, requested and ordered discovery. Apparently Schwab is arguing that her "clear and justifiable" excuse for the delay in prosecution is that she was prejudiced by the

trial court's denial of her continuance and therefore could not proceed with the trial as scheduled. Accordingly, we will review the trial court's denial of Schwab's motions for a continuance.[2]

We review the decision to deny a motion for a continuance under an abuse of discretion standard. *Robertson-Ryan & Assocs. v. Pohlhammer,* 112 Wis. 2d 583, 587, 334 N.W.2d 246, 249 (1983). Prejudice must generally be shown before we will set aside the trial court's ruling. *See Allen v. Allen,* 78 Wis. 2d 263, 275, 254 N.W.2d 244, 250 (1977).

Schwab's first motion for a continuance was made on May 14, 1990, the date upon which discovery was to have been completed and less than three weeks before the scheduled trial. Schwab argued that a continuance was necessary because of problems with discovery and the unavailability of co-counsel. The court denied the motion, finding that there was no prejudice to Schwab. It articulated its reasons, stating that Schwab's counsel had sufficient time to prepare for trial, was conversant with the case and capable of trying it and was the attorney of record responsible for trying the case. The court also attempted to remedy the discovery problems by getting both parties to agree to depose the opposing party's experts on the same day.

The court denied Schwab's May 31, 1990, renewed motion for continuance. Schwab argued that Case failed to produce a requested drawing of a tractor with the battery placed under the hood and that without this, she could not prove her case. The trial court stated that it

---

[2]An appeal from a final judgment or order brings before the court all orders and rulings adverse to the appellant made in the proceeding. *In re D.L.H.,* 142 Wis. 2d 606, 611, 419 N.W.2d 283, 285 (Ct. App. 1987); sec. 809.10(4), Stats.

was not convinced by this argument and saw no prejudice to Schwab because "I am not persuaded that . . . the defendant is in any position to refute any of [Schwab's] claims if [Schwab has] got evidence that shows that these design techniques were in the industry and were available . . .." Further, the court assumed there were no more documents available than those produced; however, it ordered that if such documents existed, Case was to produce them by the morning of the trial. The court also ordered that Schwab be allowed to question the defense expert before that expert would be allowed to testify in front of a jury.

The trial court was well within its discretion in denying Schwab's motions for a continuance. In each instance, the court created an equitable solution to Schwab's discovery problems so as to keep the case moving toward trial.

Because Schwab did not agree with the court's denials of her motions for continuance, she chose not to show up for trial and instead requested the trial court to dismiss the case for want of prosecution. Schwab has not shown a "clear and justifiable excuse" for delay in prosecution, thus we uphold the trial court's dismissal of her case for failure to prosecute.[3]

*By the Court.*—Judgment affirmed.

[3]Because we affirm the trial court's dismissal of Schwab's action for want of prosecution as a proper exercise of its discretion, we need not address Case's argument that Schwab has waived her right to appeal by consenting to the entry of judgment.