COURT OF APPEALS
DECISION
DATED AND FILED

August 26, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2020AP1860**

STATE OF WISCONSIN

Cir. Ct. No. 2019SC148

IN COURT OF APPEALS
DISTRICT IV

LAKE ARROWHEAD ASSOCIATION,

    PLAINTIFF-RESPONDENT,

  V.

ESTATE OF OPAL STRAUB; GARY HARROP, SPECIAL ADMINISTRATOR,

    DEFENDANT,

PRESTON STRAUB,

    DEFENDANT-APPELLANT.

      APPEAL from a judgment and order of the circuit court for Adams County: DANIEL G. WOOD, Judge. *Dismissed*.

¶1    KLOPPENBURG, J.[1] Lake Arrowhead Association, a homeowners' association, commenced this small claims action seeking a money judgment for unpaid assessments and associated charges allegedly owed by Opal Straub on property in the Association.  After hearing argument from the parties, the circuit court dismissed Preston Straub as a defendant, amended the case caption to name "The Estate of Opal Straub, the People's Community Bank, by Gary Harrop, Special Administrator" as the sole defendant, and entered judgment in favor of the Association and against the Estate.[2]  Preston appeals.  The Association argues that Preston lacks standing to appeal because he has no protectable interest affected by the judgment in that he was dismissed with no judgment entered against him and he neither owns the property nor has authority to act on behalf of the Estate.  I agree and, therefore, this appeal is dismissed.

## BACKGROUND

¶2    Lake Arrowhead Association is a homeowners' association for a subdivision in the Town of Rome, Adams County.  The operative Declaration of Restrictions, Covenants, and Easements authorizes the Association to impose and enforce assessments on property in the subdivision against the owner of the property.  This case concerns unpaid assessments and associated charges on

---

[1]  This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(a) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

[2]  For ease of reading, I will generally refer to Opal Straub as Opal, to Preston Straub as Preston, and to the Estate of Opal Straub as the Estate.

certain property in the subdivision that is allegedly titled in Opal's name.[3]  It is undisputed that Preston is Opal's son, that Opal died in 2008, and that Preston has not since initiated a probate procedure for Opal's estate.

¶3      As the circuit court noted, "the procedural background of this case is … remarkably complicated."  In March 2019, the Association filed a small claims summons and complaint naming Opal as the defendant and seeking a money judgment for unpaid assessments and associated charges levied on the property in the subdivision that was allegedly titled in Opal's name.  The Association submitted an affidavit by its attorney averring that Opal was deceased and that Opal's son Preston "has been responsible for the property … since [Opal's] death."  The Court Commissioner granted the Association's motion to amend the complaint to name both Opal and Preston as defendants and entered a default judgment against "defendants Opal Straub and Preston Straub" for failure to appear.  Preston filed a motion to reopen, and after a hearing on the motion, the Court Commissioner entered an order that Preston "is responsible for the outstanding assessments [and charges]."  Preston filed a demand for trial in the circuit court.

¶4      In July 2020, the circuit court held a telephone hearing to address the issue that Opal as a decedent is not a proper defendant under WIS. STAT. § 801.01.

---

[3] I observe that the Association asserts that the property at issue is titled in Opal's name but points to no evidence in the record that supports that assertion, and that Preston asserts that he owns the property but also cites to nothing in the record that supports that assertion.  I do not further address this dispute because the conclusion that Preston lacks standing to appeal is dispositive, except that I do address Preston's failure to cite evidence in the record supporting his assertion of ownership as it relates to his argument that he has standing based on ownership.  *See* *Barrows v. American Family Ins. Co.*, 2014 WI App 11, ¶9, 352 Wis. 2d 436, 842 N.W.2d 508 (2013) ("An appellate court need not address every issue raised by the parties when one issue is dispositive.").

3

After hearing argument by the parties, the court directed that by August 7, 2020, Preston initiate a probate proceeding and have a special administrator or personal representative appointed for the Estate. The court further directed that, if Preston "did not exercise that option within that time frame," then by August 21, 2020, the Association "pursue the appointment of a special administrator for the purpose of receiving the service of the complaint in this case."[4] The court also set the court trial for September 4, 2020.

¶5 After Preston did not exercise the option as directed by the circuit court, the Association filed a Petition for Special Administration, which was ultimately docketed in probate court in Adams County as case no. 2020PR51. The court issued a Letter of Special Administration to the People's Community Bank, granting the bank the power "[t]o accept service and take any and all actions necessary for or related to Adams County Circuit Court Case No. 2019CS[sic]148 on behalf of decedent." The bank, by Gary Harrop, consented to serve as appointed.

¶6 On August 25, 2020, the Association filed an amended small claims summons and complaint, naming as defendants "The People's Community Bank, as special administrator of the estate of Opal Straub for purposes of this lawsuit" and "Preston Straub."

---

[4] The circuit court stated that the person appointed as the special administrator or personal representative of the Estate "will want to work in conjunction with [Preston] as an apparent heir of … the estate since the interests are aligned." However, the parties do not point to any indication in the record that Preston attempted to work in conjunction with the special administrator ultimately appointed or vice versa.

¶7 On September 4, 2020, the circuit court convened the parties for a "de novo trial on [an] action that was brought for a money judgment for allegedly unpaid assessments." The court confirmed with Preston that Opal had died in 2008 and Preston had not initiated a probate procedure for Opal's estate or otherwise acted to have a special administrator of the estate appointed. The court also confirmed with Preston that Preston thought a deed existed with his and his sister's names on it, along with Opal's name, but such a deed had not been located or recorded "at the local register of deeds office." The court further confirmed with the Association's counsel and Preston that Preston had sufficient notice of the probate filings regarding the appointment of the special administrator.

¶8 The circuit court then determined that the issue before it was "pretty straightforward … either the assessments were paid or they were not paid." Pertinent to that issue, the court, addressing Preston, stated,

> you are not [an] interested party in the case because you apparently have no legal, right now, no legal interest in the property. You have a claim as [an] interested person and possibly a beneficiary of [a] will that has not been probated but you are not at this point an owner of the property and you are therefore not … a proper party to this case.

¶9 The circuit court further explained to Preston why it was not proceeding with a court trial on the merits:

> [Y]ou're not a party to this case … because at this point you don't have any legal interest in the property and why you were named by the plaintiff as a party in the first place I don't know. But … you don't have a legal interest in the property and … you as I described it earlier, sat on your hands when it came to getting a probate procedure started for many years. But even more importantly from my analysis today when you were told by the court, look we need to get a special administrator appointed, you can work together to do that or you can do it on your own and if you don't then the plaintiff can go ahead and do so; you essentially ignored that. You claimed that you got some

5

really bad advice from an attorney. But in any event, that's not a legal defense to following a court directive or at least a court suggestion.

¶10 The circuit court concluded by explaining to the Association why it would order statutory attorney fees, not reasonable attorney fees as the Association requested, in the judgment for the unpaid assessments and associated charges.[5]

¶11 The circuit court subsequently issued an order stating that, for the reasons it set forth orally on September 4, 2020, "Preston Straub is dismissed from this case and the designation of Opal Straub in the case caption is amended to state: The Estate of Opal Straub, the People's Community Bank, by Gary Harrop, Special Administrator." The court also issued an Order for Judgment and Judgment that, "for the reasons set forth in the court's oral decision of September 4, 2020," dismissed all claims against Preston and entered judgment in favor of the Association and against the Estate of Opal Straub, the People's Community Bank, by Gary Harrop, Special Administrator, in the amount of $8,639.19 in unpaid assessments and charges plus $300 attorney fees and $94.50 filing fees.

¶12 This appeal follows.

## DISCUSSION

¶13 Preston makes numerous arguments in support of his appeal challenging the circuit court's ruling. However, I do not reach those arguments

---

[5] The Association initially sought reasonable attorney fees as part of the judgment, but the circuit court determined that attorney fees were not warranted given the procedural history of the case. Preston also pointed out, and the circuit court ultimately determined, and the Association's counsel agreed, that the Declaration does not authorize attorney fees in this small claims action for a money judgment.

because I conclude that Preston lacks standing to appeal and, therefore, this appeal must be dismissed.

¶14     "The essence of the standing inquiry is whether the party seeking review has alleged a personal stake in the outcome of the controversy." *Kiser v. Jungbacker*, 2008 WI App 88, ¶12, 312 Wis. 2d 621, 754 N.W.2d 180. "A person may not appeal from a judgment unless he or she is aggrieved by it." *Ford Motor Credit Co. v. Mills*, 142 Wis. 2d 215, 217, 418 N.W.2d 14 (Ct. App.1987). "A person is aggrieved if the judgment bears directly and injuriously upon his or her interests," *id.*, and those interests must be "legally protectable." *Foley-Ciccantelli v. Bishop's Grove Condo.*, 2011 WI 36, ¶¶56-57, 333 Wis. 2d 402, 797 N.W.2d 789. Whether an individual has standing to appeal presents an issue of law that this court reviews independently. *Estate of Hegarty v. Beauchaine*, 2006 WI App 248, ¶24 n. 11, 297 Wis. 2d 70, 727 N.W.2d 857.

¶15     There are two pertinent parts to the circuit court's ruling: (1) the dismissal of all claims against Preston; and (2) the entry of judgment against the Estate. As to the first part, Preston cannot show that he is aggrieved because no judgment has been entered against him. A party is not aggrieved if the judgment is in his or her favor. *See MacIntyre v. Frank*, 48 Wis. 2d 550, 553, 180 N.W.2d 538 (1970) (concluding that where a judgment is in a party's favor, the party is not aggrieved and "may not appeal from [the] judgment in his [or her] favor") (quoted source omitted). Because all claims against Preston were dismissed, he is not aggrieved by that dismissal and cannot appeal that part of the ruling. *See Ziebell v. Ziebell*, 2003 WI App 127, ¶8 n.1, 265 Wis. 2d 664, 666 N.W.2d 107 (appellant could raise issue on appeal for which he was aggrieved, but could not raise an issue for which he was not aggrieved).

¶16     As to the second part of the circuit court's ruling, Preston cannot show that he is aggrieved because he fails to show that he has a protectable interest in, or authority to act on behalf of, the Estate. Accordingly, I conclude that Preston lacks standing to appeal either part of the court's ruling.

¶17     Preston makes numerous arguments to the contrary. However, as I explain, I reject each argument as undeveloped because it is unsupported by citations to pertinent evidence in the record or to applicable legal authority. *See State v. McMorris*, 2007 WI App 231, ¶30 , 306 Wis. 2d 79, 742 N.W.2d 322 (court of appeals "may choose not to consider arguments unsupported by references to legal authority ... and arguments that lack proper citations to the record.").[6]

¶18     Preston argues that he has standing to appeal because the circuit court's findings that he has no interest in the property or authority to act on behalf of the Estate are clearly erroneous. However, Preston does not cite to any evidence in the record in support of this argument.

¶19     Preston argues that he has standing to appeal because the Court Commissioner twice "recognized" that he is a proper party, he filed the demand for trial, he defended this action and incurred costs in doing so, and he accepted service of the summons and complaint. However, Preston does not support this argument with citations to evidence in the record or to applicable legal authority showing that he has a protectable interest affected by the ruling he appeals.

_____

[6] In his reply brief responding to the Association's argument that he lacks standing to appeal, Preston sometimes frames his arguments in terms of his "standing to defend case 19SC148." I construe those arguments to mean that he has standing to appeal.

¶20 Preston argues that he has standing to appeal because he owns the property, is a recognized member of the Association, and acted as owner of the property since Opal died. He cites correspondence in 2015 between the Association and him regarding his concerns about the assessments, from which it can be inferred that he did pay at least in part the assessments after Opal died. However, there is nothing in this correspondence, and Preston cites to no other evidence in the record, showing that the Association recognized him as a member of the Association or that he owns the property or otherwise has a protectable interest in the property affected by the ruling he appeals.

¶21 Preston argues that he has standing to appeal because he was named as an interested party in the Association's petition for appointment of a special administrator. However, Preston cites no Wisconsin law supporting the proposition that his status as an interested party in the appointment of a special administrator constitutes a legally protected interest sufficient to give him standing to appeal a money judgment against the as yet unprobated Estate. I understand him to argue that he is aggrieved because under Opal's will and an unrecorded deed he does or will own the property and he will lose the property if it proceeds to the sheriff's sale currently pending to collect the judgment. The problem with this argument is twofold: (1) it is not supported by citations to the record showing the applicable provisions of the will or the deed;[7] and (2) it is not supported by citations to legal authority showing that such a prospective interest in property constitutes a legally protected interest sufficient to give him standing to appeal a

_____

[7] Preston informed the circuit court at the July 2020 telephone hearing that he is named as a beneficiary in the will, and he told the court at the August proceeding that he had brought the will with him. Preston did not file the will with the court and, as noted below, the court explained why the contents of the will were at the time of the August proceeding not relevant.

money judgment that affects that property. As the circuit court aptly explained, the will's provisions are inoperative until the will goes through probate; that is, Opal's property has not yet transferred through probate to her beneficiaries. *See* WIS. STAT. § 856.13 ("No will shall pass any property unless it has been proved and admitted to probate or informally admitted to probate under ch. 865.").

¶22 Preston argues that he has standing to appeal because he is named in the will. However, Preston cites no facts or law supporting the proposition that, absent any evidence that he has been appointed as personal representative or special administrator of the will, he has any interest in or authority to act on behalf of the Estate. *See* WIS. STAT. § 857.01 ("Upon his or her letters being issued by the court, the personal representative succeeds to the interest of the decedent in all property of the decedent."); WIS. STAT. §§ 867.07, .09, .11, .15, .17, .21 (detailing the process for appointing and terminating, and the powers of, a special administrator appointed to act on behalf of an estate).[8]

¶23 Preston argues that he has standing to appeal because the Association's reliance on the purported "unlawful estate is not evidence of" his having no authority to act. However, he points to no portion of the record showing that the Association or the circuit court relied on the Estate being "unlawful." Rather, the court relied on the Estate being unprobated, and Preston

---

[8] *See also* ***Shovers v. Shovers***, 2006 WI App 108, ¶37, 292 Wis. 2d 531, 718 N.W.2d 130, ("Upon the death of a person, the title to his property remains suspended until the appointment of a personal representative, at which time it passes to that personal representative …. Title can pass to those ultimately entitled to share in the property only after administration and by the final decree of the proper court administering the estate. Therefore, if a personal representative has not yet been appointed, title is suspended and a potential legatee has no authority to try to gain ownership to assets belonging to the estate or the right to bring an action relating to such assets.") (internal citations omitted).

cites no legal authority supporting the proposition that he has authority to act on behalf of the unprobated Estate.

## CONCLUSION

¶24    For the reasons stated, I conclude that Preston lacks standing to appeal and, therefore, this appeal is dismissed.

*By the Court.*—Appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)4.

11